<div style="margin-left:auto">NEW-YORK,
May, 1832.

Collins
v.
Brush.</div>

---

### COLLINS *vs.* BRUSH & NELSON.

In the case of the sale of personal property, the permitting the *vendor* to remain in possession *three months* after the sale, without shewing any reason for such continuance of possession, was *held* to be *prima facie* fraudulent as against a subsequent judgment creditor of the vendor, who took the property by virtue of an execution.

THIS was an action of *trespass*, tried at the Tompkins circuit in December, 1830, before the Hon. SAMUEL NELSON, then one of the circuit judges.

The suit was for the recovery of damages for the taking of

a pair of *burr mill stones* and a quantity of pine timber, transferred by one David Ayres to the plaintiff, under the following circumstances : Ayres was a prisoner on the limits at Ithaca, in the county of Tompkins, and desirous to obtain his liberty, induced the attorney of the plaintiff in the execution to accept his draft upon one R. S. Williams for $180, bearing date 23d October, 1829, payable in 30 days ; which draft was made payable to and endorsed by the plaintiff. It was received by the attorney in satisfaction of the execution, and Ayres returned to his residence at *Havanna*, a distance of 25 miles from *Ithaca*. On the 2d November, 1829, Ayres made out a bill of sale to the plaintiff of a pair of burr mill stones, valuing them at $180, acknowledging to have received payment by the plaintiff endorsing his draft on Williams. Sometime thereafter he also transferred to the plaintiff a quantity of oak timber lying at his mill, valued at $30 ; the bill of sale of which bore date 1st December, 1829, but was ante dated. The bills of sale were delivered by Ayres to a person at *Havanna*, who occasionally transacted business for the plaintiff, who resided at *Ithaca*. The draft of Ayres on Williams was protested for non-payment, and on the 6th January, 1830, the plaintiff paid it, with charges of protest, &c. amounting to $184,27. It also appeared that in November, 1829, Ayres was indebted to Collins in the sum of $18,70. On the 3d March, 1830, Collins was at Havanna, and employed one Downes to take charge of the property ; the mill stones lying near the mill of Ayres, and the lumber being in an open yard adjoining the same. Collins gave his agent $8 for piling the lumber and removing the mill stones. The agent piled the lumber, but instead of removing the mill stones, obtained Ayres' permission *to* let them and the lumber remain at the mill. In the mean time, in February, 1830, the *defendants in this cause* issued an execution on a judgment obtained by them against Ayres on the 8th January, 1830, by virtue of which a levy was made on the mill stones and timber on the 21st March, 1830, by a deputy of the sheriff of Tompkins. In the following month the property in question was removed by the agent of the plaintiff, but it was subsequently sold by virtue of the

execution in favor of the defendants. The judge charged the jury that the only question in the case was as to the fairness of the sale to the plaintiff; that if that was a fair and honest transaction, the property belonged to the plaintiff: if otherwise, the creditors of Ayres had a right to take and hold it ; but to entitle them to do so it must be made to appear that the sale was fraudulent, which was a question of fact for the jury. The jury found for the plaintiff, with $229 damages. The defendants move for a new trial.

*D. B. Stockholm,* for the defendants.

*Ben Johnson,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The judge fell into an error in his charge to the jury. The property not having been taken possession of by the vendee, but having been left in the possession of Ayres the vendor, from November, 1829, to March or April, 1830, the sale was *prima facie* fraudulent, as against the creditors of Ayres ; and it was incumbent upon the plaintiff Collins to repel that presumption, by showing some satisfactory reason for his omission to take it into his possession. It is not sufficient to show that the sale was upon a valuable consideration ; some reason must be shown which the court can approve for leaving the goods in the possession of the vendor ; none was shown by the plaintiff. Indeed the judge ruled that it was for the defendants to prove the fraud. In this he erred ; they proved all that was necessary for their case in the first instance, when they showed that the possession of the goods was not changed. It was for the plaintiff to show an excuse for it. This he did not do. This doctrine is perfectly established in the cases of *Sturtevant* v. *Ballard,* 9 *Johns. R.* 337 ; *Bissell* v. *Hopkins,* 3 *Cow.* 166 ; *Jennings* v. *Carter,* 2 *Wendell,* 446 ; and *Archer* v. *Hubbell,* 4 *id.* 517. A new trial must therefore be granted.