Tifft *v.* Barton.

---

TIFFT *vs.* BARTON, late sheriff of Rensselaer.

Where personal property consisting of several articles is sold on a *fi. fa.*, subject to a chattel mortgage, the whole ought to be sold in one parcel.

And where personal property sold on a *fi. fa.*, subject to a chattel mortgage, consisted of a great many articles, which were at different places in the buildings and fields, upon the defendant's farm, so that the whole could not readily be brought at one time within the view of the sheriff; *held,* that he ought first to declare and point out to the bidders the property to be sold, and might then sell the whole together on the premises, though it should not all be at once within his view.

If a debtor execute a bill of sale of personal property, and there is no change of possession, *nor any evidence of a consideration paid,* the law adjudges the sale fraudulent and void against creditors; and in an action by the vendee against the sheriff, for seizing it on a *fi. fa.*, there is no question to be left to the jury.

Proof of a good consideration is essential to raise a question upon the intent of the parties.

Neither a recital in the bill of sale, nor any thing said by the parties when it was executed, as to the consideration, is evidence against creditors.

TROVER for a large quantity of personal property, tried at the Rensselaer circuit in November, 1845, before PARKER, C. Judge. On the 31st May, 1834, Robert Tifft, being embarrassed with debts, confessed a judgment for $3,000 of debt, to Sykes & Sheldon. On the 28th of June following he mortgaged a large amount of personal property, consisting of horses, cattle, carriages, harnesses, farming utensils, crops, household furni ture, wood, and other articles, to his two brothers, Sprague and Joseph Tifft, to secure the payment of $245,53, in one year, with interest. In case of a default in payment, the mortgagees were authorized to take and sell the property, returning the surplus. On the same day Robert Tifft gave a bill of sale to his daughter, the plaintiff, of other personal property, amounting in value, as therein stated, to $285. The bill of sale stated that $250 of the sum was for the labor and services of the plaintiff for the last ten years, for her father; and that $35 was for borrowed money. The plaintiff was then thirty or thirty-two years old, and had for the most part lived with her father. She had been in feeble health, and was not known to have any property. No evidence was given to show that she had paid any part of the consideration mentioned in the bill of sale.

On the 11th July, 1834, a *fi. fa.* was delivered to the sheriff on the judgment of Sykes & Sheldon; and in November following the sheriff sold all the property mentioned in the mortgage, to the plaintiff, for $24. The sale was made subject to the mortgage; and the whole of the property, consisting of more than a hundred different articles, was sold in one parcel. The sale was made in the house. Some of the property was present, some in the barn, and some in the fields, and elsewhere on the farm. The mortgage to Sprague and Joseph Tifft was transferred to the plaintiff soon after she purchased at the sheriff's sale.

On the 15th November, 1834, Joseph P. Casey recovered a judgment against Robert Tifft and two others, for $613,24, on a note given in 1832, and due in 1833. A *fi. fa.* issued on this judgment to the defendant, who was then sheriff of the county

of Rensselaer; and in December, 1834, he sold the property mentioned in the mortgage, subject to the mortgage, and the property mentioned in the bill of sale. For that selling this action was brought. The plaintiff claimed a part of the property by virtue of her purchase under the Sykes & Sheldon judgment; and the rest of the property she claimed under the bill of sale to her from her father. There had been no change of possession prior to the sale by the defendant.

The judge charged the jury in substance, that the sale by the sheriff to the plaintiff of the property mortgaged in one parcel, did not render the sale void in law, but it was a circumstance which might be taken into consideration in ascertaining the true character of the transaction. He also charged that the whole matter was a question of fact for the jury, as to the *bona fides* of the transaction. The jury found a verdict for the plaintiff for $1290,33. The defendant moves for a new trial on a case.

*J. A. Spencer,* for the defendant.

*H. P. Hunt,* for the plaintiff.

*By the Court,* BRONSON, Ch. J. The statute in relation to executions against property, provides that personal property shall be offered for sale in such lots and parcels as shall be calculated to bring the highest price. (2 *R. S.* 367, § 23.) I do not see that this statute was violated in the sale which was made to the plaintiff under the judgment and execution in favor of Sykes & Sheldon. Although there were many kinds and parcels of property, the sale was made subject to the mortgage of Sprague and Joseph Tifft; and there was a necessity for selling the whole in one parcel. If it had been put up in several lots, it would not have been likely to bring any thing; for unless one man purchased the whole, he would not acquire the equity of redemption; and one of several purchasers would have no remedy at law, if he would in equity, to compel other purchasers to contribute towards the satisfaction of the mort-

gage debt. The purchaser of a part of the property would have no right to redeem *pro tanto.* The mortgagees could not be compelled to receive a part of their debt, and relinquish the lien as to a part of the property. When the sheriff sells personal property subject to a mortgage, the proper course is to sell the whole in one parcel, as was done in this instance.

The same statute provides that no personal property shall be exposed for sale, unless the same be present, and within the view of those attending the sale. This is in affirmance of the common law. (*Sheldon* v. *Soper,* 14 *John.* 352; *Cresson* v. *Stout,* 17 *id.* 116.) It was held in *Bakewell* v. *Ellsworth,* (6 *Hill,* 484,) that the interest of a pledgor cannot be sold on execution unless the goods be present and within the view of those attending the sale. That was a sale of a single article, which was neither present, nor did the sheriff know where it was. In this case it was necessary, as we have already seen, to sell the whole of the property in one parcel. A part of it was in the house; some was in the barn, and some was in the fields and elsewhere on the farm. The whole could not be gathered, so as to be brought into view at one time, without incurring great and useless expense. The sale was made on the farm, and some of the property was actually present and in view. If the officer had previously declared what property in particular was to be sold, and had pointed it out to the persons in attendance, I think the whole should be deemed present and in view, within the meaning of the statute. It does not appear from the case that enough was done by the officer to make this a good sale; but I do not find that this question was made on the trial.

But there is a fatal objection to the recovery. As to a part of the goods for which damages have been given by the jury, the plaintiff makes title by a bill of sale from her father, without any change of possession, and without showing that any consideration was paid. All the cases agree that such a sale is fraudulent and void as against the creditors of the vendor; and there is nothing to be left to the jury. The law declares the sale void. It is only on proof of a good consideration that

the cause goes to the jury on the question of fraud in fact. I do not speak of the statute against fraudulent sales, for that says nothing about consideration, but of the law as it has been settled by the court of last resort.(*a*)

Neither the recital of a consideration in the bill of sale, nor what the parties said on that subject át the time the instrument was executed, was evidence against creditors. They are strangers to the transaction. There was not a particle of proof that the plaintiff paid any consideration for the property; and the jury should have been instructed that the sale was a fraud upon creditors, and, as against them, utterly void.

New trial granted.

(*a*) *Hanford* v. *Artcher*, (4 *Hill*, 271.)