LYDIA ALLEN, by John P. Wood, her next friend, *vs.* HUGH R. COWAN, sheriff of Washington county, and JACOB ALLEN.

Where household furniture, belonging to A., was sold under a mortgage given by A. to his daughter, and was bid off by L., who went into the parlor with the plaintiff, (A.'s wife,) and pointed out to her several articles of furniture there, saying, " I give this property to you, and all that I have purchased here this day," but doing no act to deliver the property, or transfer the possession, and the plaintiff doing nothing to express her acceptance of the gift, or of the possession; and the property remained where it was, and continued to be used by A. and his family precisely as it had been used before the sale; *Held* that there was no valid gift of the property by L. to the plaintiff.

Where A. executed to his daughter a mortgage upon his household furniture, to secure the payment of a debt alleged to be due, for money lent, but there was no immediate and continued change of possession of the property, the same remaining in the house of the mortgagor for more than two years, and being used by his family, during that period, in the same way it was used before the mortgage was executed; *Held* that as between a person claiming title to the property under the mortgage, and one representing a judgment creditor of the mortgagor, the circumstances called for *some evidence* that the mortgage was made in good faith, and without any intent to defraud the creditors of A.

And that if no such evidence was given, the conclusive statute presumption of

Allen *v.* Cowan.

fraud stood in the way of a recovery, by a person claiming the property through a purchaser at a sale under the mortgage, against a sheriff who had levied on the same by virtue of an execution against A.; and called upon the court to nonsuit the plaintiff.

Under such circumstances, until *some* evidence of good faith is given, the law adjudges the mortgage void as to creditors, and the jury has nothing to do with the question.

When *any* evidence is furnished, to affect this statute presumption, and from which a jury may lawfully find that such presumption is overcome, then, and not until then, must the case be submitted to the jury.

The evidence which the party claiming under the mortgage, in such a case, is called upon to give, must have reference to the consideration of the mortgage, and the motives of the parties in making it.

APPEAL from a judgment entered at a special term, denying a motion made by the plaintiff to set aside a nonsuit and for a new trial. The action was brought to recover the possession of certain articles of household furniture, which the plaintiff claimed to own, by virtue of a gift thereof from one Bryan J. Lawrence, who had bid the same off at a sale under a chattel mortgage executed by the defendant Jacob Allen, to his daughter, Mary N. Allen. The defendant Cowan justified the taking of the property, as sheriff of the county of Washington, by virtue of an execution against Jacob Allen, issued on a judgment recovered against said Allen in the supreme court, by J. B. Wilkinson, for $535.97. And the defendant Cowan alleged in his answer that at the time he levied upon the goods the same were in the possession of Jacob Allen, and were owned by him. The plaintiff was nonsuited, on the trial.

*Hughes & Northup*, for the appellant.

*U. G. Paris*, for the respondent.

*By the Court*, ROSEKRANS, J. On the 15th of December, 1855, the defendant Jacob Allen, who is the husband of the plaintiff, executed to his daughter, Mary N. Allen, a chattel mortgage upon all his household furniture, except such as was exempt from sale under execution, conditioned to pay $680.25,

(which the mortgage stated was due from the mortgagor to the mortgagee, *for money lent by her to her father,*) with interest, on the 15th March, 1856. The mortgage was duly filed, but the property remained in the possession of the mortgagor. On the 20th of March, 1856, the property was sold under the mortgage, and was bid off by Bryan J. Lawrence, the nephew of the mortgagor. The property mortgaged to the daughter had been used by the mortgagor for several years, and after the sale on the mortgage it was not removed, but continued to be used as it had been used before the sale. After Lawrence purchased the property he went into the parlor with the plaintiff, his aunt, and pointed out to her the sofa, piano, chairs, stands, foot-stools and property there, and said to her, "I give you this property and all I have purchased to-day." This was all that was said or done to constitute a gift of the property to the plaintiff. She claimed the property, under this gift. It remained in the house of Jacob Allen, and was used afterwards as before, until the defendant, in October, 1856, levied upon it by virtue of an execution issued upon a judgment against Jacob Allen, and until the defendant, in January, 1857, was about to sell the property, when the plaintiff replevied it. I ruled at the circuit that there was no sufficient evidence of a valid gift of the property by Lawrence to the plaintiff, and the plaintiff excepted to this ruling.

To constitute a valid gift it is necessary that there should be a delivery of the property to the donee, or to some person for the donee's use. "There must be a delivery of possession. The contract must be executed. The thing given must be put into the hands of the donee, or placed within his power by delivery of the means of obtaining it." (*Harris* v. *Clark*, 3 *Comst.* 100. *Hunter* v. *Hunter*, 19 *Barb*, 635, 6.) "If the gift does not take effect by delivery of immediate possession. it is then not properly a gift." (2 *Bl. Com.* 441.) "There must be a transfer made with an intention of passing the title and delivering the possession of the thing given, and *it must be accepted by the donee.*" (1 *Bouv. L. Dict. tit. Gift*, § 3.

1 *Madd. Ch.* 176.) " There must be the mutual consent and concurrent will of both parties." (2 *Kent's Com.* 554, 8*th ed.*) " Delivery in this, as in every other case, must be according to the nature of the thing. It must be an *actual delivery so far as the subject is capable of delivery.* And when the gift is perfect by delivery and *acceptance,* it is then irrevocable. If the subject of the gift be not capable of actual delivery, there must be something equivalent to it." (2 *Kent's Com.* 555, 6.) " Delivery in both kinds of gifts, (*inter vivos* and *causa mortis,*) is equally requisite on grounds of public policy and convenience, and to prevent mistake and imposition." (*Noble* v. *Smith,* 2 *John.* 56.) And no distinction is made as to the nature of the delivery of the subject of the gift in the two cases. The law requires the delivery as evidence of the gift by the donor, and acceptance of it by the donee. The authorities uniformly hold that where the subject of the gift is capable of actual delivery, of manual or corporal tradition or acceptance, in order to make the gift perfect such delivery should be made ; mere words, without any acts, in such a case will not answer. (*Huntington* v. *Gilmore,* 14 *Barb.* 243.) They do not change the possession. The rule of the common law requiring a delivery and acceptance of the subject of the gift, is quite as imperative as that of the statute of frauds requiring the delivery and acceptance of goods sold in the absence of a memorandum of the contract and of the payment of a part of the purchase money ; and the reasons for establishing and adhering to the rule in the former case are quite as forcible as those which induced the enactment of the statute of frauds, especially in cases where the value of the gift is more than $50. The court of appeals, in the case of *Shindler* v. *Houston,* (1 *Comst.* 261,) held that to constitute a delivery and acceptance of goods, such as the statute requires, something more than mere words was necessary ; that superadded to the language of the contract there must be some act of the parties amounting to a transfer of the *possession* and an acceptance thereof by the buyer, and that the case of cumbrous articles was not an exception. A

Allen *v.* Cowan.

symbolical delivery will answer under the statute, where the articles are ponderous and incapable of being handed over from one to another. (*Chaplin* v. *Rogers*, 1 *East*, 194.) There it was held that the delivery, to the vendee, of the key of the warehouse where the goods sold were deposited, was equivalent to an actual delivery. And in *Smith* v. *Smith,* (1 *Str.* 955,) it was ruled that the delivery of the key of the room containing furniture was such a delivery of possession of the furniture as to render the gift *causa mortis* valid. (2 *Kent's Com.* 556.) Applying these rules to the case under consideration, it is clear that the ruling at the circuit was correct. There was no act of Lawrence transferring the possession of the furniture to the plaintiff, nor any act of the plaintiff accepting the possession. Lawrence merely went into the parlor and *pointed out* to the plaintiff several articles of furniture there, and said, " I give this property to you, and all that I have purchased here this day." A gift is a contract, and these are only the words of the contract on the donor's part. There was no delivery of the property, either actual or symbolical. The whole transaction consisted of mere words on his part; nor did Mrs. Allen at that time, either say or do any thing in relation to the property, or the donation. She did not even by her thanks express a willingness to accept the gift. And as to any change of the possession, the proof shows that the property remained in precisely the same situation, and continued to be used after the sale upon the mortgage as it had been for several years before. The plaintiff furnished this evidence, and it was uncontradicted. The furniture was in Jacob Allen's house, and was used and enjoyed by him and his wife and family under him. Not an article was misplaced, even temporarily. There was no delivery, either actual or symbolical, of a single article of the property. If the possession was that of Jacob Allen before the sale, it remained his afterwards; (*Otis* v. *Sill*, 8 *Barb.* 122, 3 ;) unless mere words constitute a change of possession, and that we have seen is not sufficient. The language of Wright, J., in *Shindler* v. *Houston*, (1 *Comst.* 273,)

by substituting the words " donor" and " donee" for the words " seller" and " buyer," will state the correct rule as to what is necessary to constitute a gift of chattels. " There must be not only a delivery by the donor, but an ultimate acceptance of the possession of the goods by the donee, and this delivery and acceptance can only be evinced by unequivocal acts independent of the words of the contract." Upon the trial the plaintiff proposed to prove that after the sale upon the chattel mortgage, she claimed the property as her own. This evidence was excluded, and I think properly. It related to a time subsequent to the gift. Even had the claim been made at the time of the pretended gift, in the absence of *any act* on the part of Mrs. Allen, it would have been inadmissible. It would not have constituted an acceptance of the gift, which could only have been made by acts. It would have amounted to a naked declaration, unaccompanied by any act which it could explain, and therefore would not have been admissible as part of the *res gestœ.* Without *an act* accompanying the claim, under such circumstances there was nothing which the law regards as *res gestœ.* It was equally a naked declaration, and no part of the *res gestœ,* if made at any time before the levy by the defendant. The property continued till then to be used as it had been before the mortgage sale, and the plaintiff had no possession which her claim could explain. *(Otis* v. *Sill, sup.)* And besides, without proof of a perfect gift *inter vivos,* by delivery and acceptance of possession of the property at the time a gift is made, when donor and donee are present, no subsequent obtaining of possession, or claim of ownership of it by the donee, will in my judgment be sufficient to perfect the gift. *(Miller* v. *Jeffries,* 4 *Gratt.* 472.) The minds of the parties, when both are present, should meet at the time of the proposed gift, as they are required to meet in case of a sale. If the subject of the gift is delivered by the donor to a third person for the donee's use, in his absence, the acceptance of the donee must be by some act done when knowledge of the delivery and purpose of it is communicated to him. If the gift is

by deed, expressing a valuable consideration delivered to the donee, or to some person for his use, as in the case of *Hunter* v. *Hunter*, (19 *Barb.* 632, 638,) the gift is perfect and the title passes upon the delivery of the deed. The donor, and all claiming under him, are estopped from denying the consideration, to the extent of invalidating the deed. Such an instrument operates as a grant, and the title remains vested in the donee until he disclaims, which he may do at any time before he has accepted the grant.

I also ruled at the circuit that there was no sufficient evidence of consideration of the mortgage from Jacob Allen to his daughter, under which Lawrence purchased the property in question. There was no immediate and continued change of possession of the property covered by the mortgage. As before stated, it continued in the house of the mortgagor from the date of the mortgage until January, 1857, and was used during this period as it was before the mortgage was given. The statute declares that a mortgage of chattels, unless accompanied by an immediate delivery and followed by a continued change of possession of the mortgaged chattels, shall be presumed to be fraudulent and void as against the creditors of the mortgagor, and shall be conclusive evidence of fraud, unless it be made to appear on the part of the persons claiming under the mortgage that it was made in good faith and without any intent to defraud such creditors. The plaintiff claimed title to the chattels under the mortgage. The defendant represented a judgment creditor of the mortgagor. The circumstances of the case called for *some evidence* that the mortgage was made in good faith and without any intent to defraud the creditors of the mortgagor. If no such evidence was given, the conclusive statute presumption of fraud stood in the way of the plaintiff's recovery, and called upon the court to nonsuit the plaintiffs. Until *some evidence* of good faith was given, the law adjudged the mortgage void as to creditors, and the jury had nothing to do with the question. When any evidence is furnished, to affect this statute presumption, and from which

a jury may lawfully find that such presumption is overcome, then and not until then, must the case be submitted to the jury. The evidence which the party claiming under the mortgage is called upon to give when there is no change of possession of the mortgaged chattels, must have reference to the consideration of the mortgage and the motives of the parties in making it. (*Edgell* v. *Hart,* 5 *Selden,* 218, *Denio, J.*) "The law presumes under such circumstances that the mortgage was without consideration, or without a sufficient one, and that there was some secret trust or an intent to defraud creditors or subsequent bona fide purchasers." (*Thompson* v. *Blanchard,* 4 *Comst,* 307, *Jewett, J.*) The maxim that "fraud is not to be presumed but must be proved," is reversed in such cases. An acknowledgment of consideration in the mortgage, which would be conclusive between the parties to it and estop them from denying the effect of the instrument; (*Grout* v. *Townsend,* 2 *Denio,* 336;) or which in a deed or mortgage of real estate would be prima facie evidence of consideration to constitute the grantee or mortgagee a bona fide purchaser under the recording acts, (*Wood* v. *Chapin,* 3 *Kern.* 509, 516,) is of no force whatever in establishing the consideration or good faith of the mortgagee as against the creditors of the mortgagor or subsequent bona fide purchasers. If the admissions of the parties to the mortgage that there was a valuable consideration for it, were held to be sufficient to overcome the statute presumption of fraud, the statute would be a delusion and dead letter. The law does not contain any such absurdity. The parties may manufacture accounts stated and settled, and promissory notes, which as between themselves would be evidence of settlements and evidence of money lent, and evidence of debt, and prima facie evidence of consideration without any being stated, or sealed acknowledgments of consideration, conclusive as between the parties themselves, and either or all of these would be ineffectual in the absence of other proof of consideration, as against creditors and subsequent bona fide purchasers, to remove the conclusive presumption of

fraud which the statute raises. There must be evidence dehors the instrument. (*Baskins* v. *Shannon*, (3 *Comst.* 310.) The proof of consideration must go beyond a mere paper acknowledgment of it, such as would be binding between the parties. (*Hanford* v. *Artcher*, 4 *Hill*, 272. *Tifft* v. *Barton*, 4 *Denio*, 174, 5.) And proof of general or particular indebtedness from the mortgagor to the mortgagee is insufficient. It must be shown to be connected with the mortgage, and that the mortgage was given to secure the indebtedness proved. (*Baskins* v. *Shannon*, *supra*.)

These rules are founded upon the same reasons, and arise from the same considerations, as those which induced the enactment requiring the statement of facts out of which an indebtedness arises upon which judgments are confessed without action, and the language of the courts in relation to such statements are applicable to such cases as the one under consideration. (*See Chappel* v. *Chappel*, 2 *Kern. R.* 215 *to* 222; *Johnson* v. *Fellerman*, 13 *How. Pr. R.* 22, *Clerke, J.*) In this case the mortgage recites that the mortgagor is indebted to the mortgagee in the sum of $263.25, for *money lent* by the mortgagee to the mortgagor, and that the mortgage is given for the purpose of securing the said debt and interest. The plaintiff gave no evidence that Mary Allen lent her father the sum of money mentioned in the mortgage, except the admission of the father contained in the mortgage, and that she held a note signed by him. The note, as between the parties to it, was presumptive evidence of a debt, but as to the creditors of the mortgagor in whose favor the statute declared the mortgage fraudulent, and without consideration, it furnished no evidence of money lent or other consideration for the mortgage. The plaintiff endeavored to show a consideration for the note, but could only prove her own declarations, and those of her husband the mortgagor, that the latter had received funds from the executors of the mortgagee's grandfather for her benefit. The fact that such money was received for that purpose, or the amount received, was not proved, and if it had been

proved it would have contradicted the mortgage, as to the nature of the indebtedness which the mortgage was given to secure, and this the mortgagee or those claiming under her could not do. (*Coon* v. *Knap*, 4 *Seld.* 402, *and auth. cited* 2 *Cowen & Hill's Notes*, 1451, 1453, 1441. 1 *John.* 139.)

In *Tifft* v. *Barton*, (4 *Denio*, 171,) the action was against the sheriff by the daughter of the defendant in the execution, for taking goods, claimed by the daughter, under a bill of sale from her father. The bill of sale stated that $250 of the consideration was for labor and services of the daughter for ten years for her father, and that $35 of it was for borrowed money. No evidence was given to show that she had paid any part of the consideration mentioned in the bill of sale and Bronson J. said: "the plaintiff makes title to a part of the goods by bill of sale from her father, without any change of possession, and without showing that any consideration was paid. All the cases agree that such a sale is fraudulent and void as against the creditors of the vendor, *and there is nothing to be left to the jury.* The law declares the sale void. It is only on proof of a good consideration that the cause goes to the jury on the question of fraud in fact. Neither the recital of a consideration in the bill of sale, nor what the parties said on that subject at the time the instrument was executed, was evidence against creditors. They are strangers to the transaction. There was not a particle of proof that the plaintiff paid any consideration for the property, and the jury should have been instructed that the sale was a fraud upon creditors and as against them utterly void."

The plaintiff having furnished no evidence, such as the law requires, to show that the mortgage under which she claimed title to the property was founded upon any valuable consideration, there was no question for the jury, and the nonsuit was properly granted.

Judgment affirmed.

[FRANKLIN GENERAL TERM, September 14, 1858. *C. L. Allen, James, Rosekrans* and *Potter,* Justices.]