TALLMAN *et al.* V. KEARNEY, appellant.

*Vendor and vendee — possession by vendor — Evidence — good faith — when improper not ground for reversing judgment.*

M. repaired B.'s wagon; and at the request of B. plaintiffs bought the wagon and had the repairs charged to them. Plaintiffs gave B. an order upon M. for the wagon, and upon this order the wagon was procured by B. who agreed to pay plaintiffs for the use of it. B. kept the wagon about three months under this arrangement, and then sold it to defendants. In an action to recover the value of the wagon, *held*, that the purchase by plaintiffs being in good faith and for a valuable consideration, they had a right to allow B. to retain possession of the wagon upon an agreement that compensation should be paid for its use. Evidence of the absence of an intent to defraud on the part of plaintiffs in the purchase of the wagon and in allowing B. to use for a price was therefore competent. But evidence of defendants' good faith, and that they paid for the wagon, was immaterial.

A question put to a witness which calls for a conclusion of law is objectionable, but where the answer to the question does not prejudice the objecting party it seems it will be ground for reversing the judgment on appeal.

APPEAL from a judgment of a county court, affirming a judgment of a justice's court, in favor of plaintiffs.

The plaintiffs Fred. Tallman and Edward Miller sued the defendant William Kearney, in a justice's court, in the county of Onondaga, to recover the value of a wagon belonging to the plaintiffs that the defendant had converted to his own use. The defense was a general denial.

It was proved on the part of the plaintiffs that in September, 1872, Francis Bennett owned the wagon in question, and had left it at the shop of one Z. B. Mason, of Tully, in said county, to be repaired. Mason repaired it and charged therefor $34.50. Bennett, after the repairs were made, applied to Miller, one of the plaintiffs, to pay for said repairs and allow him to use the wagon. Miller went with Bennett to Mason's shop, examined the wagon and told Bennett that he would buy the wagon of him and pay the repairs. This proposition was accepted. Mason agreed to charge plaintiffs for the repairs, and the plaintiffs gave him credit therefor, and the sale was completed on these terms. The wagon remained in Mason's yard for some time, and then plaintiffs gave Bennett an order to get the wagon, and he did get it, and retained it until he sold it to the defendant in December following. Miller testified that Bennett

agreed to pay plaintiffs for the use of the wagon. On the trial the defendant asked one of his witnesses whether acting on the faith of a telegram received from one Abbott, to whom he (defendant) had been referred by Bennett during the negotiation for the purchase from Bennett of the wagon in question, to ascertain whether Bennett owned the property and had a right to sell it, and whether from what Bennett said he (defendant) purchased and paid for the property. The question was objected to: 1. As incompetent; 2. Because the contents of the telegram were not shown and could not be introduced as the basis of an action against the plaintiffs; 3. Because the question contained two distinct propositions which could not be legally answered together.

The objections were sustained and defendant excepted. The defendant took a receipt from Bennett for the property bought of him by defendant, and this receipt was offered in evidence by defendant, objected to by plaintiffs' counsel and rejected, and defendant's counsel excepted.

The witness Miller was asked whether he bought the wagon in good faith without intent to defraud purchasers, creditors or mortgagees, and whether, in allowing Francis Bennett to use the wagon, he acted in good faith and without intent to defraud creditors, purchasers or mortgagees. These questions were objected to by defendant. The objections were overruled, and defendant's counsel excepted. The same witness was asked by the plaintiffs' counsel whether, ever since the purchase of the wagon, the plaintiffs had been entitled to the possession of it, and whether plaintiffs had ever parted with the right to control the wagon.

The defendant's counsel objected to both questions, the objections were overruled, and the defendant's counsel excepted. The witness was also asked whether, in allowing Bennett to use the wagon, he acted in good faith and without intent to defraud creditors. The defendant's counsel objected to the question, the objection was overruled and defendant's counsel excepted.

The justice rendered judgment in favor of the plaintiff for $40 besides costs. The defendant appealed to the county court of Onondaga, and the judgment was affirmed in that court, and from that judgment the defendant appeals to this court.

*Ruger, Wallace & Jenny,* for appellant.

*H. C. Tallman* and *Chamberlin & Knapp,* for respondents.

MULLIN, P. J. The purchase of the wagon by plaintiff of Bennett was a valid one, and there was a sufficient delivery by Bennett. The only question open to discussion is, whether there was a continued change of possession as required by the statute. The retention of possession of the thing sold by the vendor after the sale, is *prima facie* fraudulent as to purchasers and creditors of the vendor.

It is, however, susceptible of explanation, and if it is shown that the continuance of possession in the vendor was free from fraud, and was upon a sufficient consideration and for a purpose which the law approves, the presumption of fraud is rebutted and the sale will be held valid. *Bissell* v. *Hopkins,* 3 Cow. 166; *Collins* v. *Brush,* 9 Wend. 198; *Clute* v. *Fitch,* 25 Barb. 428; *Gardner* v. *Adams,* 12 Wend. 297; *Allen* v. *Cowan,* 28 Barb. 99; S. C., 23 N. Y. 502; *Smith* v. *Acker,* 23 Wend. 653; *Hanford* v. *Artcher,* 4 Hill, 271; *Cole* v. *White,* 26 Wend. 511; *Thompson* v. *Blanchard,* 4 N. Y. 303.

To overcome the presumption of fraud arising from the retention of possession by the vendor, the plaintiffs testified that the purchase of the wagon was made in good faith and without any intent to defraud either creditors or purchasers, and that in leaving the property in Bennett's possession, they had no intent to defraud. It was also proved that Bennett agreed to pay plaintiff for the use. This proof authorized the justice to find that the purchase was for a sufficient consideration and was free from any fraudulent intent.

I know of no reason why a purchaser in good faith and for a valuable consideration, may not allow the vendor of property to retain possession upon an agreement to pay for the use of it an adequate compensation. It is for the court or jury to say whether the transaction is a mere cover to defraud purchasers or to protect the property from the just claims of creditors. It will be borne in mind, that the sale to plaintiffs was in September, and defendants did not purchase until December following. It would be unnecessarily oppressive to deprive the vendee of the right to allow the vendor to use the property for an adequate compensation. The justice has found the sale in this case to be free from fraud and the possession of Bennett to be sufficiently explained. Unless, therefore, there was some error committed by the justice in his rulings on the trial, the judgments of the justice and of the county court must be affirmed. Evidence of the absence of intent to defraud on the part of the plaintiffs in the purchase of the wagon, and in allowing Bennett to use it after such purchase was competent. *Clark* v. *Rochester &*

*Syracuse R. R. Co.*, 14 N. Y. 570; *Seymour* v. *Wilson*, id. 567; *Fiedler* v. *Darren*, 50 id. 437, 443.

Evidence as to whether defendant purchased the wagon upon the faith of a telegram from Abbott, and from what Bennett said, was immaterial. The only effect of it was to show that defendant acted in good faith in making the purchase of the wagon. His good faith was not in question. The question whether plaintiffs were purchasers in good faith, was the principal question in the case. If the sale to them was free from fraud, the defendant could not acquire title to the wagon as against them by a purchase from Bennett. The evidence was properly excluded.

The same remarks apply to the evidence of the receipt by Bennett, to defendant, for the price of the wagon. The fact that defendant bought and paid for the wagon was not in dispute. At all events the payment of the price by him was proved, independent of the receipt, and no question was made about it on the trial.

The question put by plaintiffs' counsel to Miller, one of the plaintiffs, whether the plaintiffs had been entitled, ever since their purchase, to the possession of the wagon, was objected to, but the objection was overruled, and the witness answered, " they had been."

If the fact was that plaintiffs were entitled, during all the time Bennett had the use of the wagon, to the possession of it, it would be difficult to ascertain what Bennett got from plaintiffs for which he agreed to pay them a compensation. If they were entitled to the possession, Bennett was not; if not, then the presumption of fraud arising from the continuance of possession in Bennett became a conclusive evidence of fraud.

The meaning of the question doubtless was, whether plaintiffs by the agreement with Bennett had precluded themselves from demanding at any time the return to them of the wagon. If they had not, then the leasing to Bennett was revocable at any time. The question was objectionable, as calling for a conclusion of law. But the witness had stated the agreement between plaintiffs and Bennett, and his statement of his conclusions, as to the legal operation and effect of that agreement, could not prejudice the defendant.

These remarks apply to the question put to the same witness as to whether plaintiffs had parted with their right to control the wagon.

These are the only exceptions in the case that are of any import-

ance. There is one at folio 49 of the case that is unintelligible and cannot be considered.

The judgments of the justice and of the county court are affirmed.

*Judgment affirmed.*