# N. Y. SUPERIOR COURT.

### James Morgan agt. Ben Holladay.

*Sheriff's sale of personal property set aside for irregularity.*

The court has the power to entertain a motion to set aside a sale by a sheriff of personal property under an execution.

Where the sale, as conducted by the sheriff, is in violation of the statute — First, that a large portion of the property was not present and within the view of those attending the sale; and, Second, it was not sold in lots and parcels — it will be set aside and the sheriff directed to restore the bid to the purchaser.

*Special Term, August,* 1874.

Motion to set aside a sale of personal property sold under an execution.

Judgment having been entered in favor of the plaintiff against the defendant, an appeal was taken thereupon to the general term.

An undertaking on the part of the defendant, under section 335 of the Code, was duly filed, but there was no undertaking given under section 334.

As it was claimed that the undertaking filed was insufficient to stay execution upon the judgment, an execution was put into the sheriff's hands, under which he sold the right, title and interest of the defendant in a large amount of household furniture, which was held under a lease for two years by one Jaffray.

The sum bid was $850, and the value of the property about $30,000. The purchase, however, was subject to the right of possession in Jaffray for about two years.

The sheriff sold the property in one parcel, and it was alleged that only a small portion of it was in view of the bidders.

*J. Sessions & J. Larocque*, for the motion.

*A. Thain & A. W. Gleeson*, opposed.

MONELL, *Ch. J.* — From an examination of the question which presented itself to me on the argument of the motion, I am satisfied that the court has the power to entertain a motion to set aside a sale by a sheriff of personal property under an execution. The power was and is constantly exercised by courts of equity, to avoid sales of real property (1 *Barb. Ch. Pr.*, 538; *Kellogg* agt. *Howell*, 62 *Barb. R.*, 280); and in some reported cases it has been exercised by courts of law to avoid sales of personal property (1 *Burill Pr.*, 300; *Bixby* agt. *Mead*, 18 *Wend. R.*, 611). The power is recognized in the following cases: *Davis* agt. *Tiffany* (1 *Hill*, 642); *Ames* agt. *Lockwood* (13 *How. Pr. R.*, 555); *Richards* agt. *Varnum* (8 *id.*, 79). In all the cases in which the motion has been denied, it was in the exercise of the discretion of the court and not for the want of power (*Meyers* agt. *Kelsey*, 19 *J. R.*, 197; *Adams* agt. *Elliott*, 1 *How. Pr. R.*, 220). When there are sufficient grounds, therefore, and it does not appear that any substantial right will be prejudiced by a summary examination, a motion is a proper proceeding.

In this case there has been only a mere technical payment of the bid, and the check given by the purchaser remains in the sheriff's hands. The sale, as conducted by the sheriff was, I think, a violation of the statute in two particulars:

*First.* A large portion of the property was not present and within the view of those attending the sale (2 *R. S.*, 367, § 23); and,

*Second.* It was not sold in lots and parcels (*Id.*).

The interest of the defendant was not that of a pledgor, and therefore the sale was not justified by section 20 of the same statute, under which the case of *Tift* agt. *Barton* (4 *Denio*, 171) was decided.

The sale should have been in such lots and parcels as was

calculated to bring the highest price, subject to Jaffray's right of possession.

By the sale, the purchaser became the absolute owner of the property, subject only to its being used by the tenant for less than two years.

It is very clear that the manner of selling prevented competition, and grossly sacrificed the property.

The purchaser obtained property worth $30,000 for $850, and he now claims also to be entitled to the rent of it.

A sale such as this ought not to be allowed to stand.

The motion is granted setting aside the sale; the order must direct the sheriff to restore to the purchaser his bid.

An appeal having been taken from the above decision to the general term, that court, on the 2d November, 1874, affirmed the decision of the special term, FREEDMAN, J., delivering the opinion of the court, an abstract of which was published in the papers as follows:

Where, during defendant's absence, from the city on business, and during the pendency of his appeal to the general term, in consequence of the insufficiency of the undertaking given, defendant's interest as owner in $30,000 worth of household furniture was sold on execution against him, subject to the use of his tenant for two years, and a large portion of the property was not present and within the view of those attending the sale, and the property was not sold in lots or parcels; and a client of plaintiff's attorney, under advice from said attorney, became the purchaser for $850;

*Held*, 1. That, the interest of the defendant not being that of a pledgor, the sale of the property in one lot could not be justified under section 20 of 2 Revised Statutes, 367, but was irregular and void, and no title passed to the purchaser.

2. That, to prevent oppression, the court possessed inherent power over its judgment and process, and that an order made at special term, setting aside the sale and directing the sheriff to restore to the purchaser his bid, which was still in the hands of the sheriff, was proper.