# VALLEY DISTILLING CO. v. ATKINS.

FRAUDURENT CONVEYANCE: *Possession of goods retained by vendor: Evidence of secret trust.*

An insolvent debtor gave to his brother, who was in his employment, a bill of sale for the furniture of his saloon, but continued in the possession of the saloon and furni ure as the owner of both, until the furniture was attached by his creditor, when his brother for the first time claimed it under the sale. *Held:* That the continuance of the vendor in the possession of the goods after the sale, was *prima facie* evidence of a secret trust, fraudulent as to his creditors, and that the burden of proof was upon the vendee to overcome the presumption of fraud arising from such possession, by proving the payment of a sufficient consideration to support the sale: That in such case a consideration cannot be proved against the attaching creditor by its recital in the instrument of sale, nor by showing that when the instrument was executed a note which it recites as a consideration, and as being due from the vendor to the vendee, was surrendered to the former, unless it be also proved that the note represented an honest debt.

APPEAL from *Crawford* Circuit. Court.
R. B. RUTHERFORD, Judge.

*Benton J. Brown* for appellant.

1. The rule in this state is, that possession by the vendor of personal property is a badge of fraud which raises a presumption which the law deems conclusive, unless explained both as to good faith of sale and as to possession. When a vendee allows his vendor to remain in possession and thus obtain credit, the sale is treated as creating a secret trust in favor of the vendor and as being fraudulent and void as to creditors, unless *bona fides* and valid consideration are shown to rebut the presumption. When the creditor proves his debt, his judgment, levy of execution and the facts that the goods levied on had belonged to the debtor and remained in his possession unclaimed by the vendee, the law presumes the transaction fraudulent and void, and the burden of showing good faith and a valid consideration is thrown on the vendee. *Bump Fr. Conv.*, 112–113; 18 *Me.*, 127; 47 *Ark.*, 210; 34 *Am. Rep.*, 389; 41 *Am. Dec.*, 156; 46 *Id.*, 368; 50 *Id.*, 318; 7 *Ark.*, 275; 18 *Id.*, 134; 31 *Id.*, 136; 35 *Id.*, 316; *Bump. Fr. Conv.* 115 *and note*; *Ib.*, 119 *and notes.*

COCKRILL, C. J. The issue in this case was whether the goods levied on by the sheriff under an attachment against W. O. Atkins, at the suit of the Valley Distilling Company, belonged to the defendant in the attachment at the time of the levy, or to the interpleader, H. G. Atkins.

The only question necessary to consider is, was the evidence sufficient to sustain a verdict for the claimant?

To show title in himself he gave in evidence a bill of sale executed by W. O. Atkins to him on the 1st of No-

vember, 1885, transferring a lot of furniture, such as chairs, stoves, lamps, &c.

The bill of sale recited that it was made for the purpose of paying a note which the vendee held against the vendor for $240 and interest; and it was proved by the attorney who had been employed to draw the instrument, that, at the time of its execution, the vendee delivered to the vendor a note which he supposed to be the one described as the consideration in the bill of sale.

For the creditor it was proved, or admitted as true upon the trial, that W. O. Atkins was in business as a saloon-keeper at the time of the sale, and was hopelessly insolvent; that H. G. Atkins was his brother, and was employed by him at the saloon; that the property described in the bill of sale was the furniture and fixtures in the saloon; that W. O. Atkins was held out as the owner of the saloon and the furniture after the alleged sale as before, until the property was seized under attachments against him on the 28th of December following, when H. G. Atkins for the first time was known to lay claim to the property.

The continuance in possession by the vendor after the sale "was a sign of trust," as was said in *Twyn's case*, 3 *Co. R.*, 80, but according to the rule adopted by this court, not a conclusive sign. *Hempstead v. Johnson*, 18 *Ark.*, and cases cited; *Puckett v. Reed*, 31 *Id.*, 131; *Railway v. Page*, 35 *Id.*, 304. It is *prima facie* evidence of a secret trust which is fraudulent as to creditors, and if unexplained the presumption becomes conclusive.

*FRAUDULENT CONVEYANCE: Possession of goods retained by vendor: Evidence of secret trust.*

The courts are at variance with each other and sometimes with themselves, as to how far a vendee must go in such a case, in his explanation of the transaction and possession, to exonerate himself. 2 *Kent*, * 520, 529, *note* (a). But that the burden of proof is shifted to him to show, at least the

*bona fides* of the sale, is well settled; and to establish *bona fides*, a sufficient consideration for the purchase must be shown. In this case, the proof of the consideration fell short of the mark, and there was no other effort made to show good faith.

In a contest between a creditor and his debtor's vendee, where circumstances are adduced in evidence establishing, as in this case, *prima facie* fraud against the creditor, which shifts the burden of showing *bona fides* to the party relying upon the transfer, the recital of consideration in the instrument of sale, is regarded as *res inter alios acta*, and not competent evidence to prove the consideration. *Bump. Fraud. Conv., p.* 594; *Prescott v. Hays*, 43 *N. H.*, 593; *Redfield & Rice Mf'g Co. v. Dysart*, 62 *Penn. St.*, 62; *Hubbard v. Allen*, 59 *Ala.*, 283; *Rose v. Colter*, 76 *Ind.*, 590; *Horton v. Dewey*, 53 *Wisc.*, 410.

There must be evidence dehors the instrument, *Baskins v. Shannon*, 3 *Comst.*, 310; *Pearce v. Foreman*, 29 *Ark.*, 563. The acknowledgement of the receipt of payment in the instrument evidencing the transfer, or a receipt endorsed upon it by the vendor, is not sufficient. *Bolton v. Johns.*, 5 *Penn. St.*, 145.

The proof of consideration must go beyond a mere paper acknowledgement of it, such as would be binding between the parties. *Hanford v. Atcher*, 4 *Hill*, 295–6. The surrender by the vendee of a note or an account which the instrument recites is due from the vendor to him is not sufficient. It must be proved that the supposed debt is an honest one. It must not be left to inference. *Merrill v. Locke*, 41 *N. H.*, 486; *Hanford v. Atcher, supra.*; *Allen v. Cowan*, 28 *Barb.*, 99; *Lead. Cases in Equity*, (*W. & T. notes*), *pp.* 106 *et seq.*

The case is analogous to that of an action on a promissory note by an endorsee, where the defence is fraud. The introduction of the note endorsed before maturity makes a *prima*

*facie* case of a *bona fide* holder for value; but when fraud in the inception of the note is established, the presumption of the payment of value is overcome, and the burden is shifted to the holder to show that he paid a consideration. *Tabor v Merchant's Nat. Bank*, 48 *Ark.*, 454 ; *Rose v. Colter, sup.*

The only evidence of a consideration outside of the recital of the bill of sale, was the testimony of the witness who saw the vendee deliver to the vendor a note which he supposed to be the one described in the bill of sale. Conceding that this establishes the fact that the vendee surrendered to the vendor a note executed by the latter, it was not sufficient to prove an honest debt between the parties as against the attaching creditor. It was no better evidence than the vendor's receipt as for money paid, or what the parties said about the transaction at the time, and was insufficient to establish the payment of a good consideration : cases *supra*. In the cases of *Splawn v. Martin*, 17 *Ark.*, 146; *Hempstead v. Johnson*, 18 *Ark.*, 123, and *Mandel v. Peay*, 20 *Id.*, 325, there was a failure, as the court finds, in each to establish a *prima facie* case of fraud by the party attacking the sale. There was, therefore, no shifting of the burden of proof and no necessity to prove more than was there demanded as to the *bona fides* of the debt.

It is not necessary to determine what bearing the case of *Davis, Mallory & Co. v. Meyer*, 47 *Ark.*, 210, has upon the facts of this case. It could not operate to benefit the appellee.

It was only on proof of a good consideration that there could be room for the jury to find that the interpleader had overcome the *prima facie* case of fraud made by his admission at the trial of the insolvency of the vendor at the time of the sale, and the continuance of his possession thereafter. *Tifft v. Barton*, 4 *Denio*, 171 ; *Rose v. Colter, supra*.

As the proof wholly fails to establish the *bona fides* of the sale, the judgment must be reversed and the cause remanded for a new trial.