FOSTER *v.* HAGLIN.

Opinion delivered December 18, 1897.

FRAUDULENT CONVEYANCE—BURDEN OF PROOF.—Upon proof of fraud in a sale of goods, the burden is upon the purchaser, in a contest with creditors of the vendee, to prove that the sale was *bona fide* and for an adequate consideration; and to prove this it is not sufficient to produce the note executed by him for the purchase money, but he must show that such note is based upon an actual and honest debt. (Page 508.)

Appeal from Sebastian Circuit Court, Greenwood District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

Action in replevin by Edward Haglin against the sheriff of Sebastian county to recover a stock of merchandise, store fixtures, etc., held by said sheriff under a writ of attachment. The writ of attachment was issued in an action brought by appellants, J. Foster & Co., against Alva Haglin; and, after the commencement of this action of replevin, appellants, being the real parties in interest, were substituted as defendants in place of the sheriff.

The facts in the case, so far as necessary to state them, are as follows: Alva Haglin, a brother of appellee, Edward Haglin. was in 1893 and 1894 engaged in the retail grocery business at Fort Smith. During the progress of such business, he became indebted to the appellants, J. Foster & Co., and other mercantile firms, in various sums. On the 4th of January, 1895, being insolvent, he sold his stock of groceries, store fixtures and furniture, delivery wagon, mules and harness to Edward Haglin, and gave him a bill of sale for the same. Shortly after the sale, appellants had their writ of attachment against Alva Haglin levied upon the goods sold by him to Edward, and in this action Edward bases his right to recover upon the purchase from his brother. He testified that this sale was made by his brother to him in satisfaction of indebtedness due from his brother to him amounting to about $2,050. At the time this

sale was made, Alva Haglin also assigned his notes and accounts to Edward, and Edward stated that this was done to secure an additional indebtedness of six hundred dollars due from Alva to him, after crediting his brother with the price of the goods. To substantiate his testimony on these points, he introduced and read in evidence certain notes executed by Alva to him, showing on their face an indebtedness for the amount claimed. Appellants contended that these notes represented a fictitious and not a real indebtedness, and that this transfer from Alva Haglin to his brother was made to cheat, hinder and delay the creditors of Alva. There was evidence tending to support the contention that the sale was fraudulent.

The circuit judge, upon his own motion, charged the jury as follows: "The burden of proof is on the plaintiff to show, by a fair preponderance of evidence, that he purchased the property from Alva Haglin at a fair price, in payment of a *bona fide* debt; that is, an indebtedness actually owing him. If plaintiff's debt is in whole or in part feigned or fictitious, and not all in good faith owing to him, that would be a fraud on creditors, and you will find for defendants. But if the debt was *bona fide*, and the property taken at a fair price in payment thereof, you will find for plaintiff, unless you find that Alva Haglin made said conveyance to defraud creditors, and that plaintiff participated in said fraud." He also gave on his own motion other instructions not necessary to set out, and in addition gave at request of appellee the following instruction: "The notes introduced in this case are *prima facie* evidence of indebtedness of Alva Haglin to Edward Haglin, and the burden of proof is on the defendants to show that they do not represent an actual indebtedness." Defendant objected to the giving of this instruction, and saved exceptions.

The jury returned a verdict for appellee, Edward Haglin, and judgment was accordingly rendered in his favor for the recovery of the property in controversy.

*Chas. E. Warner, John S. Little* and *Rose, Hemingway & Rose,* for appellants.

The burden was on the plaintiff to prove that he bought the goods and paid for them, and the evidence fails to show

this. It was error for the court to charge the jury that the burden was on the defendant to prove that the notes in evidence did not represent an actual indebtedness. The existence of the notes was but a circumstance, and its weight is for the jury to determine. Wait, Fraud. Conv. §§ 219, 220; and authorities cited; 4 Hill, 295; 50 Ark. 289, 292; 37 Ark. 580, 592; 49 Ark. 439 and 448. The purchase of the stock of goods was fraudulent, if the jury's estimate is correct as to the value. But the evidence does not sustain this estimate. 166 U. S. 110, 125.

*Clendening, Mechem & Youmans*, for appellee; *Ira D. Oglesby*, of counsel.

This court will not reverse a judgment of a lower court on account of want of evidence to sustain it, unless there is a total want of such evidence. 57 Ark. 577. Fraud must be proved, not presumed. 11 Ark. 378. There was no prejudicial error in the instruction that the production of the notes made a *prima facie* case for plaintiff. This presumption or *prima facie* case was rebuttable. 33 Ark. 816; 47 Ark. 322; 53 Ark. 96; 56 Ark. 594; 57 Ark. 471; 54 Ark. 307. Even if the instruction was erroneous, the evidence sustains the verdict, and the defendant was not prejudiced. 62 Ark. 228. The amount of recovery was determined. by the jury, and ought not to be disturbed. 49 Ark. 396; 49 Ark. 390; 55 Ark. 329; 22 Atl. 702; 69 N. Y. 448.

RIDDICK, J., (after stating the facts.) This is a controversy concerning the title to a stock of merchandise and other personal property attached by the appellants as the property of Alva Haglin. The appellee, Edward Haglin, claims to have purchased the property from his brother Alva in settlement of indebtedness due from Alva to him. The only question necessary to consider is whether, under the facts of this case, the promissory notes executed by Alva to Edward, and read in evidence, were, as against the appellants, *prima facie* evidence of indebtedness from Alva to Edward.

The appellants, shortly after the sale to Edward, had caused the property to be seized under their writ of attachment, and contended that the notes read in evidence were based not on

a real but upon a fictitious indebtedness, and that the sale of this property to Edward was fraudulent. In support of this contention, they introduced evidence tending to show that Alva, in making the sale, designed to cheat, hinder and delay his creditors. At the time of the sale he was indebted to a number of mercantile firms. He paid none of these debts, and by this sale and the transfer of his notes and accounts to his brother he divested himself of all visible property. Before the sale, he continued to purchase goods on credit and to increase his stock of merchandise up to the very day of the sale; indeed, some of these goods were placed in his store only an hour or two before the transfer to his brother was made. As to those goods purchased shortly before the sale, the evidence tends to show that they were bought with the deliberate intention not to pay for them, and for the purpose of transferring them to his brother Edward. Edward denied that he knew of these purchases at the time of the sale to him, or that he consented to or approved of the conduct of his brother in buying goods under such circumstances. But he admitted that, shortly after the sale, he did know that goods bought on credit the day before had been placed in the store that morning, only an hour or two before he purchased. He says that he disapproved of this, and censured Alva for it, and told him that he must pay for those goods. But Alva did not pay for the goods, nor did Edward pay for them or return them. Despite his protestations of honesty, his conduct in this regard seems to us calculated to arouse the suspicion that if he did not approve of this conduct of his brother, he was yet not unwilling to reap the fruits thereof.

But, apart from the question as to whether Edward participated in or consented to the acts of Alva, we have seen, from the evidence introduced, that the jury may well have found that Alva intended by this sale to defraud his creditors. If they did so find, then the sale could only be upheld in favor of Edward by a showing that he paid an adequate consideration. And the proof of the consideration must go beyond a mere paper acknowledgement of it by one of the parties to the alleged fraud. The promissory note of such a party would be *prima facie* evidence of indebtedness against him, but, as to his creditors in such a case, the rule would be different. When

the creditor has established a fraudulent intent on the part of the vendor, sufficient to avoid the sale or conveyance as to him, the burden is then shifted to the vendee, and to uphold the sale he must show an adequate consideration. To do this, he must do more than produce the note or receipt in which the dishonest vendor has acknowledged an indebtedness, and must show by other evidence that such note or receipt is based upon actual and honest debt. *Valley Distilling Co.* v. *Atkins*, 50 Ark. 289; *Chipman* v. *Glennon*, 98 Ala. 263; *Smith* v. *Collins*, 94 Ala. 394; Bump, Fraudulent Conveyances (4 Ed), § 66, and cases cited.

The reasons for this rule are very apparent; for, it being once established that the vendor is engaged in a scheme to defraud his creditor, it would be very unreasonable to allow a note or receipt executed by him to make a *prima facie* case against the creditor, and in support of his own fraudulent act. To do so would in some cases make effectual the dishonest conveyance, though based on nothing but a simulated debt, and render powerless the efforts of the creditors to overthrow the same. The law in such a case wisely imposes the burden upon the vendee to show, by other evidence than the note or receipt of the vendor, an actual and adequate consideration. There is no hardship in this rule, for, if a sufficient consideration has been paid, no one should know the fact and the circomstances connected therewith better than the vendee, the person who paid it. Such matters are peculiarly within his knowledge, and he should produce the proof. If he fails to do so, and proof of the consideration is not made, the conveyance must be treated as one made by the vendor to defraud his creditors, and without consideration, and therefore void as to creditors.

Our conclusion is that, under the facts of this case, it cannot be said, as a matter of law, that the notes read in evidence were "*prima facie* evidence of indebtedness of Alva Haglin to Edward Haglin," or that the burden of proof was "on defendants to show that they do not represent an actual indebtedness." The instruction to that effect, given at request of appellee, was therefore, in our opinion, erroneous.

The appellee further contends that the judgment should in any event be affirmed, for the reason that the evidence outside of

the notes introduced in evidence clearly shows that such notes were based upon an actual and honest debt. But we are of the opinion that appellants have the right to submit that question to a jury upon proper instructions.

The judgment is therefore reversed, and a new trial ordered.