## KANE *v.* DRAKE and Another.

FRAUD.—SALE OF CHATTELS.—The purpose or intent of the parties to a sale of goods, must be judged of by all the circumstances connected with and surrounding the transaction. Circumstances apparently trivial may,

when taken in connection with other facts proved, form important links in the chain of evidence.

SAME.—BILL OF SALE.—The title, upon a sale of personal property, passes to the purchaser by delivery, and no bill of sale is necessary. But the taking of a bill of sale, attested by a witness, is not of itself a badge of fraud.

SAME.—INSTRUCTIONS.—Facts or circumstances which in their nature are inconsistent with good faith, when shown to exist, necessarily tend to prove fraud, and though the jury must judge of the weight of the evidence, it is within the province of the court to instruct the jury as to the tendency of such evidence. But it is error to instruct the jury that facts proper and innocent in themselves tend to prove fraud, or that fraud may be inferred from their existence.

SAME.—POSSESSION.—The retention by the vendor of the possession of goods sold is *prima facie* evidence of fraud.

APPEAL from the *Noble* Common Pleas.

ELLIOTT, J.—This was a proceeding commenced by *Curran F. Kane*, the appellant, before a justice of the peace, to try the right of property to a span of horses, wagon and harness, seized by the defendant, *Freeman*, as constable, on an attachment in favor of *Drake* against *Wesley Kane*.

*Curran F. Kane* claimed the property by purchase from *Wesley Kane* prior to the date of the attachment; and the material question involved in the case was whether or not the sale of the property, by the latter to the former, was fraudulent as to the creditors of *Wesley Kane*.

On the trial in the Court of Common Pleas, to which the case was appealed, the court charged the jury, at the request of the defendants, as follows:

"3. When a sale is made by a debtor, largely indebted, to a brother, and made out of the ordinary manner, such as the execution of bills of sale, calling witnesses, &c., these are circumstances tending to prove fraud, which the jury may be authorized to find from these facts, if proved."

"4. Fraud may be inferred from the possession of the property, if that property is still left in the possession or control of the seller."

"5. Fraud may be inferred from the inconsistent and unnatural accounts which the purchaser gives of the circum-

stances of the sale, or in relation to the consideration paid." These charges were excepted to by the appellant, and present the only questions in the case.

The evidence is not in the record, but the court certifies, in a bill of exceptions, that only one bill of sale was given in evidence or testified of, to which there was but a single attesting witness.

The act for the prevention of frauds and perjuries declares all sales of lands, or goods, or things in action, "made or suffered with the intent to hinder, delay, or defraud creditors," &c., to be void .as to the persons sought to be defrauded. It also provides that the question of fraudulent intent, in all such cases, shall be deemed a question of fact, and declares that no such sale shall be deemed fraudulent solely on the ground that it was not founded on a valuable consideration. 1 G. & H., §§ 17, 21, pp. 352, 353.

The purpose or intent of the parties to a sale of goods must be judged of by the conduct of the parties, and by all the circumstances connected with and surrounding the transaction. Circumstances apparently trivial or unimportant in themselves, when considered singly, may, when taken in connection with others, form important links in the chain of evidence that fixes the character of the transaction.

The title, upon the sale of personal property, passes to the purchaser by a delivery of the property sold, and no bill of sale or conveyance in writing is necessary to perfect the title of the purchaser. But such evidence of the purchase is not improper or illegal of itself, nor is the fact that a witness may be called to attest it. Such precautions are of frequent occurrence, and, as a legal proposition, cannot be deemed badges of fraud. But here the jury were told, in the third charge, that if the vendor, at the time of the sale, was largely indebted, and made the sale to a brother, and if the purchaser took a written conveyance, or bill of sale, of the property, and called a witness to attest it, that such facts were not only circumstances tending to prove fraud, but

that, if proved, the jury might therefrom find the transaction fraudulent. We think the charge was erroneous, and calculated to mislead the jury.

From the particular facts stated, the law draws no legal inference as to the character of the transaction. It was the province of the jury alone to determine, from all the evidence, what such facts tended to prove, and the weight that should be given to them. Their existence was not necessarily inconsistent with good faith, and if they appeared, in the particular case, as indications of fraud in fact, it was because of their connection with the other circumstances in the case, of which the jury were the proper judges.

Facts or circumstances which in their nature are inconsistent with good faith, when shown to exist, necessarily tend to prove fraud, and though the jury must judge of their weight, yet in such a case it is clearly within the province of the court to instruct the jury as to the tendency of such evidence. But it is error to instruct them that facts, proper and innocent in themselves, tend to prove fraud, or that fraud may be inferred from their existence. *Tenbrook* v. *Brown,* 17 Ind. 410.

We are of opinion that there was no error in the fourth instruction. It is declared by statute that every sale of goods in the possession of the vendor, or under his control, unless the same be accompanied by an immediate delivery, and be followed by an actual change of possession of the thing sold, shall be presumed to be fraudulent and void as against creditors of the vendor, unless it shall be made to appear that the same was made in good faith. 1 G. & H., § 8, p. 351. The retention by the vendor of the possession is *prima facie* evidence of fraud, and throws on the party who would sustain the sale the burden of rebutting the presumption of fraud arising from such continued possession by the vendor; and in the absence of such explanatory proof, fraud is inferred from the fact that the vendor retains the possession, and it was proper that the court should so charge the jury. See *Nutter* v. *Harris,* 9 Ind. 88.

The fifth charge, we think, was calculated to mislead the jury, and should not have been given. If the jury were satisfied from the evidence that the purchaser of the property had given inconsistent and unnatural accounts of the circumstances of the sale, or in relation to the consideration paid, such facts were proper for the consideration of the jury in determining the question of the *bona fides* of the transaction, and, if unexplained, might tend to prove the same fraudulent; 'but they should be considered in connection with all the other facts of the case, and for the court to say to the jury that either of such facts would, alone, justify the inference of fraud, we think might have misled them.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*A. Ellison,* for appellant.

*W. M. Crane,* for appellees.