Rose *v.* Colter *et al.* ·

---

No. 7814.

Rose *v.* Colter et al.

FRAUD.—*Sale of Personal Property.*—*Insolvency.*—The question as to whether a sale of personal property is fraudulent as to creditors is to be determined from the financial condition of the debtor at the date of the sale; subsequent insolvency does not make the sale invalid.

SAME.—*Question of Fact.*—Fraud, under the statute of this State, is always a question of fact, and a court can not as matter of law adjudge a transaction to be fraudulent.

SAME.—*Possession by Vendor of Property Sold.*—*Presumption.*—The retention by the vendor of the possession of personal property sold is not a conclusive presumption that the sale is invalid as to his creditors, but imposes upon the purchaser the burden of showing good faith; and if it be shown that a valuable consideration was paid for the property, and that when the sale was made the vendor had sufficient other property to pay all his debts, the presumption of fraud arising from the retention of possession is overcome.

SAME.—*Evidence.*—Where there is no evidence of actual fraud, undisputed evidence of the payment of the purchase-money by the buyer of personal property, supplemented by uncontradicted evidence of the solvency of the seller, prevails against the presumption arising from the fact that there is no change in the possession of the property.

From the Marion Circuit Court.

*W. A. McKenzie*, for appellant.

ELLIOTT, C. J.—The appellant, who was the plaintiff below, instituted this action for the recovery of personal property, which had been seized upon an execution issued against Fielding W. Rose. The errors assigned are all based upon the ruling refusing a new trial.

It appeared in evidence that the property in controversy, a horse and buggy, had been, at one time, owned by the execution debtor ; that he kept it at a livery stable, and that, after the purchase by appellant, there was no visible change of possession. Conceding that there was no change of possession, and granting, also, that this fact created a presumption that the sale was a fraudulent one, still the appellant was, under the evidence introduced by him, entitled to recover. It was established by uncontradicted evidence, that the appellant purchased the property and paid a full and valuable consideration therefor, and that, at the time the purchase was made, the seller had abundant property out of which all of his debts could have been made. It is true that, subsequent to the sale, the seller became insolvent, but subsequent insolvency does not make a sale invalid. The question is to be determined from the financial condition of the seller at the date of the sale. *Pence* v. *Croan*, 51 Ind. 336 ; *Sherman* v. *Hogland*, 54 Ind. 578 ; *Evans* v. *Hamilton*, 56 Ind. 34. There is no evidence tending to show that the sale was made in contemplation of insolvency, nor is there any evidence whatever that the creditor gave the debtor credit upon the belief that he was the owner of the property in controversy. No such questions, nor any kindred ones, arise in this case.

It is firmly established by our decisions that, under our statute, fraud is a question of fact. *Leasure* v. *Coburn*, 57 Ind. 274 ; *Bentley* v. *Dunkle*, 57 Ind. 374. We can not, therefore, obtain any light from the decisions of other

courts, based upon statutes·entirely unlike ours. Fraud is, in many of the States, oftentimes a question of law; but, under the express provisions of our statute, it is with us always one of fact. The court can not, as matter of law, adjudge a transaction to be fraudulent. The presumptions, therefore, which in other States require the courts to conclusively adjudge, as a matter of law, a conveyance fraudulent and void, will not warrant any such procedure in Indiana. Juries have a right, of course, to consider these presumptions, but they do not, as rules of law, finally close and settle the question. The provision in our statute, that the retention of possession of personal property by the seller shall create a presumption that such sale is fraudulent as to creditors, does not create a conclusive presumption. In *Kane* v. *Drake*, 27 Ind. 29, the subject received a careful consideration, and sections 8, 17 and 21 of the statute of frauds were considered together, and it was held that the fact that the seller retained possession made only a *prima facie* case of fraud. In Bump on Fraudulent Conveyances, p. 62, it is said: "The question arises upon the construction of a positive statute, and a true solution can not be attained without carefully considering the terms of the act. The statute is directed, not against an inconsistent possession, but a fraudulent design, not against fair and honest contract, but conveyances made with the intent to delay, hinder or defraud creditors. The intent of the debtor is, therefore, by the very terms of the act, the true and legitimate object of inquiry and judicial investigation. If the fraudulent intent is present, the conveyance is void; if it is absent, the conveyance is valid." Taking this as a correct statement of the rule, it follows that the greatest force which can be given to the fact that there is no change of possession is that it imposes upon the person claiming title the burden of showing good faith.

The rule applicable to conveyances of real estate is, that

the sale can not be impeached upon the ground of fraud unless it be shown that the debtor had no other property subject to execution at the time the conveyance was made. *Hardy* v. *Mitchell*, 67 Ind. 485 ; *Noble* v. *Hines*, 72 Ind. 12 ; *Spaulding* v. *Blythe*, 73 Ind. 93. We can see no reason why the rule does not apply to sales of personal chattels, as well as to sales of real property. If it be shown that a valuable consideration was paid for the property, and that when the sale was made the seller was possessed of property far more than sufficient to pay all his debts, the presumption arising from the retention of possession is plainly overcome. \

We have no disposition to encroach upon the rule that this court will not disturb the finding of the trial court upon the ground that it is not sustained by the evidence, nor do we do so in reversing this judgment. We decide that undisputed evidence of the payment of the purchase-money by the buyer of personal property, supplemented by uncontradicted evidence of the solvency of the seller, prevails against the presumption arising from the fact that there is no change in the possession of the property, in cases where there is no evidence of actual fraud. The case is strictly analogous to that of an action upon a promissory note, where the defence is fraud. In such a case the introduction of the note makes a *prima facie* case, but if there is uncontradicted evidence of fraud this *prima facie* case breaks down. It is in principle the same as an action upon a mortgage of personal chattels where the defence is, that the mortgage was made to defraud creditors. The introduction of a valid mortgage and proof of recording would make a case, but uncontroverted evidence of fraud would defeat it. In no one of these cases is there any weighing of evidence. All that is done is to ascertain the legal force and effect of a body of undisputed evidence. All that is done here is to annex to facts, which are shown to exist by evidence absolutely uncontradicted, the proper legal force and effect. If there were

any conflict in the evidence as to the solvency of the seller, or as to the payment of a consideration by the buyer, a very different question would be presented; but there is no conflict upon either of these points.

Judgment reversed at costs of the appellees.