No. 8368.

### POWELL ET AL. *v.* STICKNEY ET AL.

REPLEVIN.—*Description of Property.*—*Verdict.*—In an action for the recovery of personal property, an objection to the sufficiency of its description in the complaint is not available after verdict.

NEW TRIAL.—*Evidence.*—*Supreme Court.*—Error in excluding evidence must be assigned as a cause for a new trial to present the question in the Supreme Court.

FRAUDULENT SALE.—*Possession.*—*Consideration.*—*Intent.*—*Agent.*—The possession of personal property by the seller after sale does not, of itself, make the sale fraudulent, for if it appears that the sale was for a val-

uable and fair consideration, and the seller remained in possession merely as agent, and there was no fraudulent intent on the part of the buyer, the sale will be valid.

SAME.—*Question of Fact.*—*Evidence.*—Fraud is a question of fact for the jury, and a case of fraud is not made by merely showing a sale of goods without a change of possession.

SAME.—*Principal and Surety.*—Where a surety assumes payment of the debt of his principal, and mortgages his land to secure it, and in consideration thereof the principal transfers personal property to him, the transaction is upon a valuable consideration, and the sale will not be set aside unless it is shown that both buyer and seller were guilty of fraud.

From the Porter Circuit Court.

*T. J. Merrifield,* for appellants.

*W. Johnston, A. L. Jones* and *F. P. Jones,* for appellees.

ELLIOTT, J.—No objection was made to the sufficiency of the complaint in the court below, but it is objected here that the description of the personal property sought to be recovered is insufficient. The objection comes too late. There are many defects which a verdict cures, and among them is the one now pointed out. If appellant had desired a more definite description of the property, he should have pursued a very different course from that adopted by him.

Error in excluding evidence must be assigned as a cause for a new trial, or it will be without avail on appeal.

The possession of personal property by the seller after sale does not, of itself, make the sale fraudulent, for if it appear that there was a sale for a valuable and fair consideration, and that the seller was continued in possession merely as agent, and that there was no fraudulent intent on the part of the buyer, the sale will be upheld. " If," as Bump says, " the fraudulent intent is present, the conveyance is void; if it is absent, the conveyance is valid." Bump Fraud. Conveyances, 62; *Kane* v. *Drake,* 27 Ind. 29.

Under our statute fraud is a question of fact for the jury, and a case of fraud is not made out by merely showing a sale of goods without a change of possession. It is necessary for

the party alleging fraud to show, at least, that the vendor had no other property subject to execution. *Rose* v. *Colter,* 76 Ind. 590.

Where a surety assumes payment of a debt of the principal, and mortgages his real estate to secure it, and in consideration of these acts personal property is conveyed to him by the principal, the transaction rests upon a valuable consideration, and the conveyance can not be set aside unless it be made to appear that both buyer and seller were guilty of fraud. The rule governing cases of voluntary conveyances does not obtain where the conveyance is made upon a valuable consideration.

Judgment affirmed.