Seavey *et al. v.* Walker *et al.*

Filed Oct. 26, 1886.

---

No. 12,562.

## SEAVEY ET AL. *v.* WALKER ET AL.

SALE.—*Personal Property.*—*Bill of Sale.*—*Evidence to Show that it is Only a Mortgage.*—In the enforcement of equitable rights, parol evidence may be given to show that a bill of sale of personal property, absolute on its face, is in fact only a mortgage to secure the payment of a debt.

SAME.—*Fraud.*—*Evidence.*—Where the evidence as to whether a sale of personal property was bona fide or fraudulent is conflicting, the finding of the trial court will not be disturbed on appeal.

SAME.—*Change of Possession.*—*What not Sufficient.*—*Statute of Frauds.*—Where the vendor and his employee remain in actual possession of a stock of merchandise, the fact that the latter, under authority conferred by the purchaser, is in control of the goods, is a mere constructive change of possession, and the sale, under section 4911, R. S. 1881, is void as against creditors and subsequent purchasers.

From the Huntington Circuit Court.

*J. C. Branyan, M. L. Spencer, R. H. Kaufman* and *W. H. Branyan,* for appellants.

*B. F. Ibach, L. P. Milligan* and *O. W. Whitelock,* for appellees.

NIBLACK, J.—On the 23d day of June, 1884, Jacob Lew

was, and for some time previously had been, engaged in the tin, stove and hardware business at the town of Markle, in Huntington county. He was at that time indebted to Gideon W. Seavey in a sum of money ranging somewhere between seven hundred and one thousand dollars, and to the firm of Morgan & Beach in about the sum of four hundred and forty dollars. Being unable to pay these sums of money, and otherwise in a pecuniarily embarrassed condition, Lew agreed to sell and transfer to the said Seavey, and the said Morgan & Beach, all his goods on hand, including his tools, stock in trade, notes, accounts, and a wagon and team, in consideration of the sum of one thousand dollars, to be applied *pro rata* on the indebtedness above described, and on the day named executed a memorandum in writing, in the similitude of a bill of sale, purporting to sell and transfer to the said Seavey and the said Morgan & Beach the property in question. But this instrument in writing was not recorded. It was further agreed, but not in writing, that Lew should continue in possession of the property, and carry on the business in which he had been so engaged, as formerly, and account to the said Seavey and to the said Morgan & Beach for the money which he might collect on the notes and accounts, or otherwise realize from the business.

There was evidence tending to show that for these services Lew was to receive a commission of ten per cent. on sales and collections.

Lew continued in possession of the property and business until the 28th day of August, 1884, when he executed a chattel mortgage on the property remaining in his possession, to Leonard S. Walker, Henry J. Ash, Mrs. Murray and the firm of Rinesmith & Simonton to secure the payment of debts severally due them, and which, with a slight exception, had been contracted prior to June 23d, 1884.

On the 4th day of September, 1884, Walker and his co-mortgagees commenced this suit against Seavey and Lew to foreclose the chattel mortgage, executed as above, and to en-

join them from interfering or intermeddling with the mortgaged property.

The circuit court, after hearing the evidence, found for the plaintiffs, and, in addition to rendering personal judgments against Lew for the several debts described in the complaint, decreed a foreclosure of the mortgage and an injunction, as prayed for, against the defendants.

Complaint is only made of the refusal of the circuit court to grant a new trial, and, in support of that complaint, it is insisted that the finding was not sustained by sufficient evidence.

The controlling question made at the trial was upon the nature, good faith and validity of the alleged sale and transfer of the mortgaged property to Seavey and Morgan & Beach. During the entire transaction, including the defence of this suit, Seavey acted as the representative of Morgan & Beach, as well as in his own behalf.

Section 4911, R. S. 1881, enacts that "Every sale made by a vendor, of goods in his possession or under his control, unless the same be accompanied by immediate delivery, and be followed by an actual change of the possession of the things sold, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith, unless it shall be made to appear that the same was made in good faith and without any intent to defraud such creditors or purchasers."

It was, therefore, incumbent on Seavey, in this case, to remove the presumption of fraud which resulted from Lew's continuance in possession of the property in controversy after its sale and transfer as already stated. On that branch of the case the evidence was conflicting. Seavey proved the existence and validity of his debt against Lew; also, the same as to the debt held by Morgan & Beach.

There was also evidence tending to prove that at the time he, Seavey, purchased the property, he did not know that Lew owed any other debts, and that when Walker and his

co-mortgagees took the chattel mortgage, they had full notice of Seavey's and his associates' claim of title under their purchase from Lew.

On the other hand, there was evidence tending to show that the circumstances connected with the alleged purchase by Seavey and his associates were unusual in such transactions; that no invoice of the property was taken, or itemized estimate of its value made; that the property was really worth more than $2,000; that the agreed amount of the purchase-money was never entered as a credit on the debts due Seavey and his associates respectively, but these parties continued to hold these debts as an unsatisfied indebtedness against Lew; that Seavey and his associates, as well as Lew, from the first had treated the alleged purchase of the property as a mere security for the payment of such indebtedness, and hence not as an absolute sale within the proper meaning of that phrase. Pierce Mortgages of Merchandise, sections 77, 78, 79.

Other facts and circumstances, having some bearing upon the question in issue, were respectively put in evidence. As the case is thus presented, we are not permitted to disturb the finding made by the circuit court.

In the enforcement of equitable rights, it is well settled by a long line of decisions, that parol evidence may be given to show that a deed to real estate, absolute in form, was only intended to be, and was in fact only, a mortgage to secure the payment of a debt. *Crane* v. *Buchanan*, 29 Ind. 570; *Beatty* v. *Brummett*, 94 Ind. 76; *Cox* v. *Ratcliffe*, 105 Ind. 374.

The same rule applies to bills of sale of personal property absolute upon their face. Jones Chat. Mortg., sections 14, 15, 21, 22, *et seq.;* Herman Chat. Mortg., sections 20 and 21.

If the bill of sale in evidence in this case was, in legal effect, only a mortgage, as the circuit court may have concluded it was, then it was void for not having been recorded within ten days after its execution. R. S. 1881, section 4913.

While Seavey was on the stand as a witness in his own behalf, it was proposed to prove by him that before the execution of the chattel mortgage he had taken the goods and chattels in suit out of the possession of Lew, and had placed them in the possession and under the control of a man who was then, and for several months, at least, had been, in the employment of Lew in the management of his business; but the proposed evidence was excluded.

That ruling of the circuit court was not materially erroneous, for two reasons:

*First.* Because no question was either asked, or proposed to be asked, of the witness, leading up to, or laying a foundation for, the offered proof. *Higham* v. *Vanosdol,* 101 Ind. 160.

*Secondly.* Because, in the state of the evidence as it then existed, the proposed proof would have been immaterial.

It had already been fully established that there had been no visible change of the possession of the goods and chattels following their alleged purchase by Seavey and his associates; that Lew, with the assistance of his employee in question, had continued in actual possession until after the execution of the chattel mortgage to Walker and his associates. Under such circumstances an authority conferred on the employee to take possession and control of the goods and chattels could not have amounted to more than a constructive change of possession, which was not a sufficient compliance with the statute herein above set out. The following authorities have some bearing on the questions involved in this appeal: Bump Fraudulent Conv. 139; *Nutter* v. *Harris,* 9 Ind. 88; *Kane* v. *Drake,* 27 Ind. 29; *Adams* v. *Cosby,* 48 Ind. 153; *Robinson Machine Works* v. *Chandler,* 56 Ind. 575; *Rose* v. *Colter,* 76 Ind. 590; *Dessar* v. *Field,* 99 Ind. 548; *Ourme, Dunn & Co.* v. *Rauh,* 100 Ind. 247.

The judgment is affirmed, with costs.

Filed Oct. 26, 1886.