Filed June 12, 1891.

---

### No. 140.

### THE SOUTH BRANCH LUMBER COMPANY *v.* STEARNS.

FRAUDULENT CONVEYANCE.—*Personal Property.*— *When Possession of Seller Not Fraudulent.*—*Fraud.*—*Question of Fact.*—*Conflicting Evidence.*—The possession of personal property by the seller, after the sale, does not of itself make the sale fraudulent, for if it appears that there was a sale for a fair and valuable consideration, and that the seller has continued in possession merely as agent, and that there was no fraudulent intention on the part of the buyer, the sale will be upheld. The question of fraud is a question of fact for the court or jury trying the cause. Where the evidence is conflicting as to whether the sale of the property was *bona fide* or fraudulent, the finding of the trial court will not be disturbed on appeal.

From the Rush Circuit Court.

*A. B. Camp* and *U. D. Cole,* for appellant.

*B. L. Smith, C. Cambern, W. A. Cullen* and *J. D. Megee,* for appellee.

ROBINSON, J.— The appellant commenced this action against the appellee on a note and account, and at the same time commenced proceedings in attachment, alleging, in his affidavit, that the appellee had sold, conveyed, or otherwise disposed of his property subject to execution, or suffered or permitted it to be sold, with the fraudulent intent to cheat, hinder, or delay his creditors, or was about to sell, convey, or otherwise dispose of his property subject to execution, with a like intent. A proper bond was filed, and a writ of attachment issued thereon, and was executed by the sheriff seizing certain personal property therein named as the property of the appellee. The appellee answered by general denial. The cause was tried by the court, and there was a finding in favor of the appellee on the attachment proceedings, and in favor of the appellant for the amount due on the note and account. It appears by the record that after the property was attached an action was commenced in said court, entitled: "Virgil B. Bodine v. John W. Thompkins, Sheriff of Rush county, and the South Branch Lumber Company," which action was to recover the possession of the personal property taken and seized under the writ of attachment by said Virgil B. Bodine, the plaintiff therein, claiming to be the owner, and entitled to the possession of the same, and that by some agreement of the parties, which is not made fully apparent in the record, was to be decided and determined upon the evidence in the original cause, and that the court found that the plaintiff in the action to recover the possession of said personal property was the owner, and entitled to the possession of said property, and judgment was accordingly rendered upon the finding in each case. Appellant thereupon filed a motion for a new trial, which was overruled and excepted to.

The questions saved in the record are error in the court in overruling the motion for a new trial, because the decision of the court was not sustained by sufficient evidence, and because the decision of the court was contrary to law. Other

questions argued under the assignment of errors, and assigned as causes in the motion for a new trial, are not, by the record, made available error in this court.

As will be noticed, the personal property taken under the attachment in the proceedings against the appellee, the plaintiff, Virgil B. Bodine, in the action of replevin, claimed to own, and be entitled to the possession thereto.

The contention of the appellant is that under the evidence in the case the law was with the appellant, and judgment should have been so rendered.

The facts in the case are as follows: This action was commenced October 23, 1888. Virgil B. Bodine, the plaintiff in the replevin case, is the father-in-law of the appellee, and was such when he commenced the business which he assumed to sell to Bodine; that on the 24th day of September, 1888, and for some four or five years previous thereto, the appellee was engaged in the pump business in Rushville, Indiana; that when appellee commenced business he had no capital, and borrowed $1,000 from Bodine to commence business on; that before the alleged purchase of the property connected with appellee's business, Bodine became his endorser, in bank, for $1,750 on certain notes, and was also his endorser on a note to another party for $696. The debt on the account of the loaned money had stood for four or five years, and the endorsed notes had been running for a year, or more; that on the 24th day of September,1888, appellee made a bill of sale to Bodine, conveying to him the property attached, the aggregate value of which, as shown by the bill of sale, was $3,649.53. The consideration assumed to be paid for the property was the loaned money, payment of the endorsed notes, and assuming and paying other indebtedness of appellee, in all $4,061.20, which seems to have been more than the value of the property transferred. There was some Kansas land in the transaction, which was conveyed subject to encumbrance, but as this land was not shown to be worth anything in excess of

the encumbrance, it need not be further considered. After the alleged sale by appellee to Bodine, by written agreement entered into, the business was to be conducted under the same firm name it had been conducted under before that time, to wit : F. B. Stearns & Co., although the said F. B. Stearns was the sole proprietor in said business at the time of said alleged sale, and the terms under which said business was to be conducted was that said Bodine became the owner of the personal property contained in said bill of sale ; was to furnish all the capital stock and tools, which were to be his separate and sole property after paying all expenses of said business, including cost of material, taxes, etc., each party to have onehalf of the profits of said business; in other words, the appellee was to give his entire time and attention to said business, against the capital stock furnished by said Bodine. Appellee remained in possession of the property, continued to carry on the business under the same name, and at the same place, without any apparent change, and no notice of any kind was given of any change. The bill of sale was absolute in its terms, and after its execution, and the execution of the written agreement as to the manner in which the business was to be carried on, Bodine put appellee in possession of the property, to carry on the business under said agreement, with instructions to furnish monthly reports of said business, which was done up to the trial of this cause, and some of the moneys received from sales was applied on the indebtedness assumed by Bodine when Bodine bought the property; it does not appear that he knew of any specific indebtedness of the appellee besides that in which he was interested ; but he admits that he had apprehensions that there was other indebtedness, and was anxious to secure himself, and for that purpose he bought the property in good faith, and not to delay or defraud appellee's creditors. It was also in evidence that appellee transferred to Bodine all the property he owned, or possessed, and that the June pre-

vious, to obtain credit, represented that he had more than $8,000 capital.

Section 4911, R. S. 1881, enacts that "Every sale made by a vendor, of goods in his possession or under his control, unless the same be accompanied by immediate delivery, and be followed by an actual change of the possession of the thing sold, shall be presumed to be fraudulent and void, as against the creditors of the vendor, or subsequent purchasers in good faith, unless it shall be made to appear that the same was made in good faith and without any intent to defraud such creditors or purchasers." The appellant contends that under this statute the sale by appellee to Bodine, with the continuous possession of the property remaining in the appellee, was void. It was incumbent upon the appellee to remove the presumption of fraud, which resulted from his continuous possession of the property in controversy after the sale to Bodine. *Seavey* v. *Walker*, 108 Ind. 78.

The possession of personal property by the seller, after sale, does not of itself, make the sale fraudulent, for if it appear that there was a sale for a valuable and fair consideration, and that the seller was continued in possession merely as agent, and there was no fraudulent intention on the part of the buyer, the sale will be upheld. " If," as Bump says, " the fraudulent intent is present, the conveyance is void; if it is absent, the conveyance is valid." Bump Fraud. Conveyances, 63; *Kane* v. *Drake*, 27 Ind. 29; *Powell* v. *Stickney*, 88 Ind. 310.

In this case there was a change of possession, although the property sold remained in the same place, and was in charge of the appellee, and under his management and control; yet the bill of sale of the appellee transferred the property to Bodine, and that it was so sold and transferred for a valuable and fair consideration the evidence proves without conflict, and that the appellee's control and management of the property, after the sale, were obtained under the written

agreement entered into between appellee and Bodine is without conflict.

It is not required of us to express an opinion upon the weight of the evidence. There was some conflict in the evidence. The cause was tried by the court, and under our statute fraud is a question of fact for the court or jury trying the cause ; and, as stated, the evidence was somewhat conflicting as to whether the sale of the property was *bona fide*, or fraudulent ; this being so, the finding of the trial court will not be disturbed on appeal. *Jones* v. *Gott,* 10 Ind. 240 ; *Powell* v. *Stickney, supra; Rose* v. *Colter,* 76 Ind. 590 ; *Seavey* v. *Walker, supra; Kane* v. *Drake, supra.*

We have carefully examined the evidence. It tends to sustain the finding.

The judgment is affirmed at the costs of the appellant.

Filed June 10, 1891.