Filed Oct. 30, 1894.

---

No. 16,859.

EMERSON ET UX. *v.* OPP.

FRAUDULENT CONVEYANCE.—*Property Sufficient From Which Debts May be Enforced at Time of Conveyance.*—If, at the time a conveyance is made by a debtor, he retain property sufficient to pay his debts, and from which the debts may be enforced, upon execution, his conveyance is not fraudulent as to creditors, and his subsequent insolvency would not cause such conveyance to be set aside.

From the Benton Circuit Court.

*D. Fraser* and *W. Isham*, for appellants.

*G. H. Gray*, for appellee.

HACKNEY, C. J.—This was a suit by the appellee to set aside, as fraudulent, certain conveyances of real estate made by the appellant James Emerson, to his wife and co-appellant. The questions for review arise upon the special finding of facts and conclusions of law rendered by the lower court. Said facts are, in substance, that on December 24, 1890, the appellant James was indebted to the appellee in the sum of $1,037.60, and on said day was the owner in fee simple of several tracts of land of the value of three thousand dollars, and of certain personal property consisting of live stock and agricultural implements of the value of one thousand dollars. On said day, without consideration, and with intent to cheat and defraud the appellee, said James conveyed to his wife the west half of the southeast quarter of the southeast quarter of section 36, township 25, range 7 west, in Benton county, of the value of seven hundred dollars, and thereafter, on the 14th day of April, 1891, conveyed to her, without consideration, and with like intent, the southeast quarter of the northeast quarter of said section, of the value of twelve hundred dollars. In addition to the lands so conveyed, said James was the owner in fee simple of certain tracts of the value of eleven hundred dollars, and was indebted, in addition to said sum owing to the appellee, the sum of five hundred dollars, secured by mortgage on the second tract so conveyed to his wife. On the 24th day of November, 1891, the appellee obtained a judgment for the amount then due him, to wit, $1,327.70, and upon execution therefor sold said tracts, so retained by the appellant James Emerson, for the sum of $460, there being no other property of said James upon which to levy for the collection of said judgment. At all of the times mentioned, said James was a resident householder of the State of Indiana. As conclusions of law upon

said facts, the court found that each of the said conveyances to his wife was fraudulent and void.

The appellants moved separately for judgments in their favor upon the facts found as to each of said conveyances, which motions were overruled, and the court adjudged and decreed that said two conveyances be set aside and held for naught, and that the lands thereby conveyed, subject to the rights of Elizabeth Emerson as wife, be held subject to said judgment of the appellee.

The appellants insist that at the time of the first of said two conveyances, James Emerson retained sufficient property with which to pay his debts, and that, therefore, such conveyance could not have been decreed fraudulent.

At that time the real estate was of the value
of......................................$3,000.00
Less a mortgage of ....................... 500.00

Or of the value of........................$2,500.00
Subject to the wife's one-third.............. 833.33

Or of the net value of ....................$1,666.67
Adding the value of personal property, $1,000,
 less debtor's exemption of $600........... 400.00

And we have the total net assets subject to
 debts ...................................$2,066.67
Value of land then conveyed .............. 700.00

$1,366.67

Retained from which appellee's claim of $1,037.60, at that time, could be made.

It thus appears that at the time of the first conveyance the debtor retained sufficient property, subject to execution, to discharge his indebtedness.

We are not advised as to when the appellee's note be-

came due, nor as to the disposition of the personal property held when said first conveyance was made, but it is quite certain that at the time the second conveyance was made the debtor did not retain sufficient property with which to pay the appellee's claim; that said conveyance was in fraud of the appellee, and, as the property which was retained was exhausted upon execution before this suit, no doubt exists that the land conveyed on April 14, 1891, was properly made subject to the appellee's judgment.

Returning to a consideration of the correctness of the court's conclusion that the first of said conveyances should be set aside, we are constrained to dissent from that conclusion, not because we feel satisfied that injustice has not resulted to the appellee by said conveyance and the subsequent disposition of the debtor's personal property, but because of the rule in this State, existing for more than forty years, that a voluntary conveyance will not be held fraudulent as against the creditors of the debtor grantor, if, at the time of the conveyance, sufficient property is retained from which the indebtedness of such grantor may be made. *Law* v. *Smith,* 4 Ind. 56; *Sherman* v. *Hogland,* 54 Ind. 578; *Spaulding* v. *Blythe,* 73 Ind. 93; *Rose* v. *Colter,* 76 Ind. 590; *Phelps* v. *Smith,* 116 Ind. 387; *Sell* v. *Bailey,* 119 Ind. 51, with numerous decisions cited in the last two cases, and the late case of *Shew* v. *Hews,* 126 Ind. 474.

In the case of *Rose* v. *Colter, supra,* it was held that if the debtor retained property sufficient to pay his debts, and from which the debts might be enforced upon execution, his subsequent insolvency would not permit a conveyance, otherwise fraudulent, to be set aside.

The judgment is reversed, with instructions to the circuit court to restate its conclusions of law in accordance with this opinion, and enter a decree accordingly.

Filed Oct. 10, 1894.