## CANNON ET AL. v. CASTLEMAN.

[No. 20,522.    Filed March 9, 1905.]

1. CONTRACTS.—*Statute of Frauds.—Defense.—Third Parties.*—The statute of frauds does not invalidate an oral contract for the sale of real estate, but denies the parties the right to enforce same in an action, and the right to plead such statute is personal to the parties and is not available to strangers thereto.  p. 347.

2. DEEDS.—*Contract of Sale.—Vesting of Title.*—The equitable title to real estate vests in the purchasers when a contract of sale is made, and so remains even though at the request of one of such purchasers the deed is taken in the name of one under an oral agreement to quiet the title thereto and then cause a transfer to be made to both and though such one became indebted and insolvent before such latter conveyance was consummated, and the rights of such purchasers and such creditors are to be considered as though the deed to both purchasers had been made as of date of contract.  p. 348.

3. FRAUDULENT CONVEYANCES.—*Insolvency.*—To set aside a conveyance as fraudulent the creditor must prove that when such conveyance was made the debtor did not have enough property subject to execution to pay his then existing debts, and that he had no property subject to execution at the time suit was brought.  p. 348.

4. SAME.—*Evidence.*—A decree setting aside a sale of land to tenants by the entirety as fraudulent against creditors of one of such tenants is erroneous where the evidence shows that such tenants contracted for such land and partly paid for same before the indebtedness against the one was contracted and that the deed to such property was taken in the name of such debtor only for the purpose of quieting the title thereto and as soon as that was done the title was conveyed to both, and where there is a failure to show that there was a fraudulent intent at the time of the contract of purchase.  p. 348.

From Porter Circuit Court; *Willis C. McMahan*, Judge.

Action by Andrew O. Castleman against Jacob A. Cannon and wife. From a decree for plaintiff, defendants ap-

peal.   Transferred from the Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Reversed.*

*H. R. Robbins* and *W. C. Pentecost,* for appellants.

*James W. Nichols, W. A. Foster* and *Johnston, Bartholomew & Bartholomew,* for appellee.

MONKS, J.—Appellee brought this action to recover a personal judgment against appellant Jacob A. Cannon upon a judgment in the Marshall Circuit Court against said appellant, and to set aside as fraudulent certain conveyances of real estate to appellants (who were and are husband and wife) as tenants by the entireties and subject the same to sale to pay said judgment.   The court made a special finding of facts, and stated conclusions of law thereon against appellant Jacob A. Cannon for the amount due appellee and against both appellants as to a part of the real estate described in the complaint, and over a motion for a new trial rendered judgment accordingly in favor of appellee.   Separate demurrers for want of facts of each appellant to each paragraph of the complaint were overruled by the court, and the said rulings and the second, third and fourth conclusions of law are separately assigned for error by each appellant.

The second paragraph of the complaint is sufficient, and, as the special finding of facts is under that paragraph, we need not determine as to the sufficiency of the first paragraph.

The special finding, so far as necessary to determine the correctness of the second, third and fourth conclusions of law, is substantially as follows:   On May 5, 1895, appellant Jacob A. Cannon became indebted to appellee, for which indebtedness appellee on November 13, 1897, recovered judgment for $520 and costs taxed at $72.27, in the Marshall Circuit Court.   Appellant Widdie B. Cannon, wife of her co-appellant since 1886, knew of the existence of this claim of appellee after February, 1896, and of the

said judgment about the time it was rendered, and at all times since has known that it had not been paid and was in full force. In March, 1895, appellants and Oliver Mussel- man entered into a written contract in which he agreed to convey to appellants, husband and wife, by quitclaim deed, 160 acres of land in Starke county, Indiana, in considera- tion of the payment of $1,290 within six months after the date of said contract, no part of the purchase price being paid at the time of the execution of the contract; that said real estate was, at the request of appellant Widdie B. Can- non, conveyed by said Musselman to her husband on August 2, 1895, she paying $515 of the purchase money and her husband paying the remainder of said $1,290, it being agreed at the time of said request and conveyance between appellants that said Jacob A. Cannon should commence suit to quiet title to said real estate and pay all the costs and expense of such litigation, and after the title was quieted would cause the same to be put in the names of appellants, Jacob A. Cannon and his wife, to hold as tenants by the entireties, as provided in the written contract with said Musselman; that appellant Jacob A. Cannon, since said con- veyance to him on August 2, 1895, has caused the title to be quieted in himself, and has paid the expenses thereof, and caused the same to be drained and otherwise improved, thereby greatly adding to and increasing the value there- of, he paying therefor out of his own means. In the decree quieting the title to said 160 acres of land a commissioner was appointed to make a deed to appellant Jacob A. Can- non, which deed was made by the commissioner and ap- proved by the court on November 20, 1895. On the 21st of March, 1899, appellants conveyed, without consideration, said 160 acres of real estate to Frederick W. Cannon, who on the next day, without consideration, conveyed the same to appellants, as husband and wife. Said real estate was at the time of said conveyance of the value of $4,800. On said 21st day of March, 1899, said Jacob A. Cannon had

no property of any description except said 160 acres of land. Appellant Widdic B. Cannon, wife of her co-appellant, at the time said conveyance was made to her and her husband, and for more than ten years, had full knowledge of the legal effect of a conveyance of real estate to a husband and wife, and knew that real estate so held by a husband and wife was not subject to sale for the payment of the husband's debts. From 1895 to some time in the latter part of 1897 said appellant Jacob A. Cannon was the owner of and holder in his own right of promissory notes to the value of $2,750, and which were paid to him in November, 1897. Out of the money so received by him he paid a mortgage of $700 on real estate held by him and his wife as tenants by the entireties other than the 160 acres described in the complaint, and $1,000 for borrowed money, the evidence not disclosing how the remaining $1,050 was used by said appellant. Appellant Jacob A. Cannon now is, and for the last sixteen years has been, continuously a *bona fide* resident and householder of Starke county, Indiana, and on March 7, 1897, had no property of any kind except said 160 acres of real estate conveyed to him by said Musselman in August, 1895, and said notes for $2,750, and he has not had any other property since. In December, 1899, appellants borrowed of Edith Washburn $1,000 in cash, for seven years, securing said loan by a mortgage on their homestead, owned by them by the entireties, and appellant Jacob A. Cannon used said $1,000. It is stated in said special finding that the conveyance by appellants, "Jacob A. and Widdie B. Cannon, of said 160 acres of land on the 21st day of March, 1899, to Frederick W. Cannon, and said conveyance by him to defendants as husband and wife on March 22, 1899, were fraudulently made, with the full knowledge and with the intent on the part of defendants to cheat, hinder and delay the collection of plaintiff's judgment."

The second, third and fourth conclusions of law are to the effect that appellee is entitled to recover a personal judg-

ment against appellant Jacob A. Cannon for $754; that said 160 acres of land is subject to the lien of appellee's said judgment, and should be sold to satisfy the same, etc.

It will be observed that the written agreement to convey said real estate to appellants was executed about two months before appellant Jacob A. Cannon became indebted to appellee; that appellants paid for said land when the same was conveyed to appellant Jacob A. Cannon on August 2, 1895; that the conveyance was made to said Jacob A. at the request of his wife, under an oral agreement that he would recover judgment quieting the title to said land, and pay the expense thereof, and then have the same conveyed so as to vest the title in himself and his said wife as tenants by the entireties, and that in compliance with said oral agreement he did recover judgment quieting the title thereto, and caused the same to be conveyed to himself and wife as tenants by the entitreties.

1.   If it were conceded that the oral agreement between appellants, that said Jacob A. Cannon would, when the title was quieted, cause the land to be conveyed to himself and wife as tenants by the entireties, was within the statute of frauds, and not, therefore, enforceable by her because not in writing—a question we need not and do not decide—yet, as it was performed, and the title conveyed to appellants as tenants by the entireties in compliance with its terms, appellee has no right to complain on the ground that the same was not in writing.   An oral contract which is within the statute of frauds is not void; the statute only forbids the maintenance of an action to enforce it.   Such a defense is personal to the parties to the contract, and as such can not be made available by a stranger thereto.   *Cool* v. *Peters Box, etc., Co.* (1882), 87 Ind. 531, 538, 539, and cases cited; *Morrison* v. *Collier* (1881), 79 Ind. 417; *Dixon* v. *Duke* (1882), 85 Ind. 434, 439, and cases cited; *Bodkin* v. *Merit* (1885), 102 Ind. 293, 298; *Burrow* v. *Terre Haute, etc., R. Co.* (1886), 107 Ind. 432, 438; *Jackson* v. *Stanfield*

(1894), 137 Ind. 592, 620, 23 L. R. A. 588, and cases cited.

2. By the written contract for the sale and conveyance of said 160 acres of land to appellants in March, 1895, they became the owners of the equitable title thereto, and on August 2, 1895, when the deed therefor was made to appellant Jacob A. Cannon at the request of his wife under the oral agreement heretofore mentioned, the legal title vested in him, but the equitable title remained in himself and wife, and so continued until the execution of the deeds of March 21 and 22, 1899, when the legal title vested in them as tenants by the entireties. Their right and title to said land as against appellee, therefore, are the same as if said deeds had been executed on August 2, 1895, and the legal title thereto had then vested in them, and depend upon the facts and circumstances at the date of the purchase of the land and the execution of the deed of August 2, 1895.

3. When a creditor of a grantor attacks his conveyance on the ground that it was fraudulent, he must aver and prove that when the conveyance was made the debtor was insolvent, and did not have enough property subject to execution to pay his then existing debts, and that he had no property subject to execution when the suit was brought. *Line* v. *State, ex rel.* (1892), 131 Ind. 468; *Sell* v. *Bailey* (1889), 119 Ind. 51; *Bruker* v. *Kelsey* (1880), 72 Ind. 51, 53, 54; *Sherman* v. *Hogland* (1881), 73 Ind. 472; *Phelps* v. *Smith* (1888), 116 Ind. 387, 394; *Emerson* v. *Opp* (1894), 139 Ind. 27, 30; *Rose* v. *Colter* (1881), 76 Ind. 590, 592, 593. It was said in *Emerson* v. *Opp, supra,* at page 30: "In the case of *Rose* v. *Colter* [1881], 76 Ind. 590, it was held that if the debtor retained property sufficient to pay his debts, and from which the debts might be enforced upon execution, his subsequent insolvency would not permit a conveyance, otherwise fraudulent, to be set aside."

4. There is no finding that said 160 acres of land was purchased by appellants in March, 1895, with any fraudu-

lent intent on the part of either to defraud the creditors of the husband, nor that there was any such intent when the deed and oral agreement were made and the land paid for on August 2, 1895. The only findings on the questions mentioned are confined to March 21, 1899, and since that time. It follows that the conclusions of law, so far as they state that said 160 acres of land described in the second conclusion of law is subject to the lien of plaintiff's judgment and should be sold to satisfy the same are erroneous.

Judgment reversed, with instructions to restate the second, third and fourth conclusions of law to the effect that the tract of 160 acres of real estate described in the second conclusion of law is free and clear from the lien of appellee's judgment, and is not subject to sale to satisfy said judgment, and that appellee is entitled to recover judgment against Jacob A. Cannon in the sum of $754.47, with interest from January 19, 1903, and render judgment thereon accordingly.