PIERSON v. SIMMONS, TRUSTEE, ET AL.

[No. 15,503.  Filed January 25, 1938.]

522

[redacted]

*Joseph Collins,* for appellant.

*Max White,* for appellees.

BRIDWELL, J.—Appellees brought this action against appellant to set aside and have declared void a certain deed conveying real estate situate in Marion County, Indiana, to appellant. The deed was executed on January 20, 1930, by one Levi S. Pierson (father of appellant) the then owner of the real estate involved. The complaint alleges, among other things, that the deed was made with the intent to cheat, hinder, delay, and defraud creditors, including appellee Birch F. Simmons, Trustee, who had, on January 27, 1931, obtained a judgment against the said Levi S. Pierson in an action begun on October 18, 1929. It also alleges that the deed was made without consideration, and that at the time of its execution the grantor, Levi S. Pierson, "did not have sufficient mental capacity to make said deed." Other averments of the complaint are to the effect that said grantor did not at the time of the execution of such deed, nor at any time thereafter, have sufficient property remaining subject to execution to pay his debts; that he died on or about February 2, 1931, and that appellee A. Rufus Hanes, etc., was appointed as administrator of his estate December 11, 1931. An answer in two paragraphs was filed to the complaint, the first paragraph being a general denial, the other affirmative in character, and to which appellees filed a reply in general denial. No question is raised here as to

the sufficiency of any pleading. The cause was submitted to the court for trial, and there was a finding and judgment for appellees that the deed in question be "set aside as invalid and held for nought as being without any consideration and in fraud of creditors of Levi S. Pierson, deceased, and for want of legal capacity in the said grantor, Levi S. Pierson, to execute said deed." Appellant duly filed a motion for a new trial, averring as causes therefor, among others, that the decision of the court is not sustained by sufficient evidence, and that said decision is contrary to law. This motion was overruled, an exception to the ruling reserved, and this appeal perfected, the only error assigned being claimed error in the overruling of said motion.

The only causes for a new trial that appellant presents on appeal are the two causes heretofore mentioned.

It is contended that there is no evidence to prove that at the time the deed was executed the grantor was insolvent and did not have enough property left subject to execution to pay his debts; that the uncontradicted evidence shows a valuable consideration, and that there is no evidence to establish mental incapacity on the part of the grantor at any time. We have carefully read the evidence, and upon so doing find that no evidence was offered to prove that at the time the deed was executed the grantor did not have remaining sufficient property to pay his debts. It is true that the administrator of the deceased grantor's estate, A. Rufus Hanes, who was not appointed as such administrator until December 11, 1931, almost two years after the conveyance, testified as follows:

"Q. Did you attempt to find property subject to execution? A. Yes, sir.
"Q. Were you able to find any? No, sir."

This evidence, however, does not establish as a fact the insolvency of said grantor on January 20, 1930, when

the deed was executed, nor is it of such character as to permit a reasonable inference that this was in fact true. No witness testified as to whether the deceased grantor did or did not on January 20, 1930, own property other than that involved in this controversy.

In the case of *Nevers* v. *Hack* (1894), 138 Ind. 260, 261, 37 N. E. 791, our Supreme Court said: "It is the settled law in this State, that it must be both alleged and proven, before an alleged fraudulent conveyance can be avoided, that at the time of the conveyance, and at the time the suit is brought, the debtor did not have enough property left, subject to execution, to pay his debts." See also: *Sherman* v. *Hogland* (1876), 54 Ind. 578; *Rose* v. *Colter* (1881), 76 Ind. 590; *Taylor* v. *Johnson* (1888), 113 Ind. 164, 15 N. E. 238; *McConnell* v. *The Citizens' State Bank* (1891), 130 Ind. 127, 27 N. E. 616; *Cannon* v. *Castleman* (1905), 164 Ind. 343, 73 N. E. 689.

Relative to the finding and judgment of the trial court that the deed was "without any consideration" we deem it only necessary to say that the uncontradicted evidence regarding this shows that an indebtedness aggregating approximately $1,600 due from the grantor to the appellant, was canceled; that the consideration of $4,500 mentioned in the deed was paid by check of appellant payable to the grantor; that a note of grantor in the sum of $7,500 held by a bank was surrendered to grantor and appellant's note accepted in lieu thereof by such bank. Had the conveyance been voluntary and without consideration it would not be held fraudulent as against creditors of the grantor if at the time of the conveyance he retained sufficient property from which his indebtedness might be liquidated. See *Emerson* v. *Opp* (1894), 139 Ind. 27, 38 N. E. 330; *Rose* v. *Colter, supra.*

The evidence as to the "legal capacity" of the grantor to execute the conveyance questioned, upon which appel-

lees rely to sustain the decision in this respect, ■ was that given by a daughter of the grantor, and is as follows:

"Q. Mrs. Schramm, you were acquainted with your father's mental condition on the 20th day of January, 1930? A. Yes, sir.

"Q. You may tell the Court, Mrs. Schramm, what you observed in your father's condition mentally on or about the time of the 20th of January, 1930. A. He was in a very weakened condition and I doubt if he was capable of attending to any business whatever. He had been ill quite some good many years and was in a very, very weakened condition.

"Q. State whether or not your father was worried about mortgages and conditions of his real estate at that time. What are the facts about that? A. Well, he was very much worried about his affairs, things were in a condition whereby he could not sell anything. He was hardly able to borrow money on the property any further. He had a mortgage."

We are of the opinion that this evidence lacks probative force to establish a want of mental capacity to execute the deed sought to be set aside. At the most, it only expressed a doubt on the part of the witness as to her father's capacity to attend to his business affairs, but whether this doubt existed because of his physical or his mental condition, the witness does not say.

In determining what result should be reached in this appeal, we have kept in mind the well established rule of this court, and of our Supreme Court, that we ■ will not weigh the evidence nor reverse a judgment on account thereof where there is evidence tending to support the decision of the trial court or the verdict of a jury on all material questions involved. However, where, as here, there is no evidence to support the finding or a verdict on any material point, it is likewise well settled that the judgment will not be al-

lowed to prevail. See *McConnell* v. *The Citizens State Bank, supra*. After considering the evidence most favorable to appellees, we conclude that the evidence is not sufficient to sustain the decision rendered.

Judgment reversed, with instructions to sustain appellant's motion for a new trial.